Luther Friestedt, Plaintiff-Appellant, v. Chicago Transit Authority, a Municipal Corporation, Defendant-Appellee.

**Gen. No. 53,855.**

First District, First Division.

September 18, 1970.

Alan E. Morrill and Robert A. Sprecher, of Chicago (Morrill, Koutsky, Klomann & Chuhak, and Crowley, Sprecher, Barrett & Karaba, of counsel), for appellant.

George J. Schaller, O. R. Hamlink, Jerome F. Dixon, and Edmund J. Burke, of Chicago, for appellee.

TRAPP, J.

At a bench trial upon a complaint for personal injuries, the court found for the defendant at the close of plaintiff's evidence. Plaintiff appeals, urging that the court erroneously interpreted the allegations of the complaint and erroneously denied motions to amend the complaint prior to trial and subsequently to conform to the proof.

The complaint alleged that the defendant owned and maintained, ". . . a certain Elevated Station . . . ," and undertook to allege a duty:

". . . to maintain said Elevated Station on the loading platform thereof in a safe and proper condition, but notwithstanding said duty the defendant negligently and carelessly permitted the platform to become unsafe and dangerous and that among other things, snow and ice were allowed to accumulate on said platform."

In subparagraphs it was undertaken to allege negligently permitting snow and ice to accumulate and negligently failing to adequately remove snow and ice from "said platform." Upon the date of trial, immediately prior to commencing testimony, plaintiff made an oral motion to amend:

". . . to show the ice within this body, within the 'L' car itself and the accumulation thereof."

Plaintiff argues that chapter 110, § 46, Ill Rev Stats 1967, is designed to permit liberal amendment of pleadings. No written amendment was submitted to the court. It is impossible to determine from such statement in the record whether the proposed amendment sought to plead that there was ice within the "L" car in addition to ice on the platform, or in lieu of such ice on the platform.

■ Upon objection, the trial court denied such motion. Colloquy between court and counsel discloses that plaintiff had known of the fact proposed to be pleaded by amendment for five years. The court expressed the opinion that the defendant had a right to rely upon allegations pleaded and that plaintiff had slept on his rights. We agree.

The evidence discloses that plaintiff, being approximately 57 years of age, had suffered a stroke sometime prior to this event and that there was some residual paralysis of his right arm and right leg. He used a cane to assist his walking. There is no evidence at all upon the issue of ice or snow on the platform of the "Elevated Station."

Plaintiff's testimony is limited to the statement:

"I put my right foot into the door and as I was going to come with my left foot, when my right foot gave way and I slipped and went between the car and the platform."

He further testified that as he waited to be extricated, he saw ice on the "threshold" of the car. This is not described in terms of whether the ice covered the threshold or whether it was at a place where he, in fact, did step.

The lighting in the area was described as good and plaintiff saw no ice as he entered the car.

▮ In the aspect of amendment to pleadings to conform with the proof, the court upon this record was authorized to deny a motion to amend under the provisions of chapter 110, § 46(3), Ill Rev Stats 1967. As the trial court noted, the testimony is that the impaired leg gave way. There is no testimony that plaintiff slipped on the ice said to have been subsequently seen on the unspecified portion of the "threshold."

▮ In Ennis v. Illinois State Bank of Quincy, 111 Ill App2d 71, 248 NE2d 534, the court considered the statute upon amendment of pleadings in several aspects. It was there said that upon a motion to amend the pleadings the court may consider whether there were previous opportunities to amend and that the motion may be denied where the record shows no valid reason for the failure to make timely amendment. This is particularly true where the amendment is prejudicial or would alter the nature and quality of proof required to defend the action. In the second aspect of permitting amendment to conform to the proof, it was said that the materiality of the amendment to the proof already produced must be apparent. See also McCartney v. McCartney, 8 Ill2d 494, 134 NE2d 789. The conclusion of the trial court that there is no evidence that plaintiff slipped upon ice is not contrary to the manifest weight of the evidence. The discretion of the trial court in denying an amendment will not be disturbed upon appeal unless there is a clear and manifest abuse of such discretion. Stevenson v. Matson, 107 Ill App2d 65, 246 NE2d 38.

Plaintiff now argues that in "railroad parlance" loading platform means the portion of the railroad car where the passengers enter. This seems to be an unreasonable position in view of the complaint contain-

ing repeated references to the loading platform of a particular and identified station.

The judgment of the trial court is affirmed.

Affirmed.

CRAVEN, P. J. and SMITH, J., concur.