DAVID A. ABLE, Plaintiff-Appellant, *v.* PURE OIL COMPANY *et al.,* Defendants-Appellees.

(No. 72-38; ▮▮▮▮▮▮▮▮▮▮)

Third District—November 29, 1972.

James R. Morrison, of Peoria, for appellant.

Jack Cassidy and R. Lawrence Ball, both of Peoria, for appellees.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

This is an action brought under the Structural Work Act (Ill. Rev. Stat. 1969, ch. 48, par. 60 *et seq.*), by Donald Able, Plaintiff-Appellant, in the Circuit Court of Peoria County to recover damages for personal injury. The Defendant-Appellees, Pure Oil Company and D & H Electric & Heating Company, are respectively the owner of the premises and a sub-contractor. Judgment was entered on the verdict of the jury finding the issues in favor of each of the defendants from which judgment the plaintiff appeals.

In the fall of 1968 defendant, Pure Oil Co., contracted with Winfred Glover to construct a filling station on the defendant's premises in Normal, Illinois. Glover did part of the work himself and sub-contracted other portions of the work including construction and wiring of light poles to D & H Electric & Heating the other defendant in this action. Included in the work to be done by D & H Electric were the construction and wiring of three light poles which were vertical poles approximately twenty feet in height containing a horizontal cross arm near the top. The construction and wiring of the poles was completed by D & H about the first week of April, 1969.

Donald Able, plaintiff, a union painter, received a call from the painter's union business agent on the morning of April 15, 1969, indicating that Glover needed a painter for some work on the station. Able was told to take his ladders and own equipment in the event that they might not be available. He took his ladders and equipment in his pickup truck and reported to Glover on the job. He discussed the work to be done with Glover which included painting of the three poles and some other work on the station. He was also shown the paint which was located in a bay of the station as was a roll-away scaffold. Gardner, an employee of D & H Electric, was on the premises when Able reported for work doing some wiring on the pumps.

The testimony of Able, Glover, his employer, and Gardner regarding the conversation which took place is disputed. According to Able nothing was said to him by either Glover or Gardner concerning the use of the roll-away scaffold. According to Glover and Gardner, Able was told to use the scaffold.

In any event Able did not use the scaffold but proceeded to use the ladders from his truck which he had brought with him. Able was aware that a week or so earlier Jones, a fellow union painter, had fallen while in the course of painting one of the light poles and was at the time still in the hospital. Able placed his ladder against the horizontal arm of the light pole, tested it by bouncing the ladder against the arm and after he had painted a portion of the vertical pole near the ground he climbed the ladder as it leaned against the horizontal arm. Shortly after he reached the area near the arm it swung causing the ladder to fall and resulting in injury to plaintiff.

In seeking to reverse the judgment of the court entered on the verdict of the jury in favor of the defendants the plaintiff argues the court erred in denying him leave to amend his complaint, the court erred in rejection of certain evidence, erred in refusing to give instructions tendered by plaintiff and that the verdict of the jury was against the manifest weight of the evidence.

At a recess following plaintiff's presentation of his evidence regarding liability plaintiff moved for leave to amend complaint in three respects. The proposed amendments included an allegation that the defendants had failed to provide or supply an adequate scaffold, that the defendants had violated Sec. 63 (Ill. Rev. Stat. 1969, ch. 48, par. 63), requiring scaffold to support four times intended weight of user and violated Sec. 68 (Ill. Rev. Stat. 1969, ch. 48, par. 68), regarding plans and specifications. The court denied leave to plaintiff to amend his complaint.

■■ There is no argument but that the trial court possesses discretion to permit amendment of the pleadings before or during the trial. (Ill. Rev.

Stat. 1969, ch. 110, sec. 46, subsection (3).) In the recent case of *Friestedt v. Chicago Transit Authority*, 129 Ill.App.2d 153, 262 N.E.2d 771, the court, in affirming the action of the trial court denying plaintiff's motion to amend the complaint, discusses factors which ought to affect the discretion of the court in considering proposed amendments. Denying a proposed amendment is reversible error only if such denial is an abuse of the court's discretion. Generally speaking, amendments ought to be allowed when not to do so will prejudice the plaintiff and when to do so will not prejudice the defendant. Although the timeliness of the proposed amendment or the diligence of the party proposing the amendment may well affect the issue of prejudice the discretion of the trial court is primarily concerned with what issues may be properly raised at the stage of the proceedings where the amendment is proposed. New theories may not be interjected during the course of presenting evidence when not fairly related to the issues previously considered by the parties to be the essence of the dispute. There can hardly be an abuse of discretion by the trial judge prejudicial to the plaintiff when the proposed amendments are substantially included within the issues already framed by the pleadings.

▆▆ In the instant case it appears to us that the issues of whether defendant provided an adequate scaffold or a safe scaffold are adequately included in the issues described in the complaint and even the plaintiff in his argument before the trial court indicated as a reason for the proposed amendments "Why shouldn't it be dressed up and made to appear more workmanlike". It appears to us that the complaint adequately presented the issues regarding the plaintiff's theories supported by his evidence and that further specification or refinement was unnecessary. Offering further support to this conclusion is the fact that an issues instruction tendered by plaintiff including issues sought to be added by amendment resulted in an issues instruction four pages in length.

▆▆ With respect to the proposed amendment regarding a violation of sec. 68 (Ill. Rev. Stat. 1969, ch. 48, par. 68), it is our conclusion that there is no evidence supporting any violation of this section of the statute. The section pertains to the requirement that architects or draftsmen provide plans and specification "* * * for all the permanent structural features or requirements specified in this Act, * * *." We fail to see how the evidence presented by any of the parties raises any issue regarding this duty even though there were plans and specifications prepared by or on behalf of Pure Oil Company.

▆▆ Plaintiff's next assignment of error relates to his contention that the court erred in refusing to permit testimony regarding the Manual of Accident Prevention in Construction, published by the Associated General Contractors of America; the Health and Safety Act Rules of the State of

Illinois; and general customs and practices regarding behavior of workmen on the job. Because of previous testimony regarding the availability of the roll-away scaffold and its use by plaintiff an effort was made by plaintiff through the testimony of Lowder, an employee of the Illinois Department of Labor, to indicate that the scaffold was not easily movable by one person and hence plaintiff should not have been expected to use it. Plaintiff's counsel made some effort to refer to the contractor's standards, health rules and customs of the trade in his examination of Lowder but the relevance to any of the issues in the case can not be determined since plaintiff made no offer of proof regarding sections of any documents relevant to the witness's testimony. The inquiries of the witness concerning customs involving as they did the habits of employees generally was irrelevant to any of the issues. We have no quarrel with the general rule laid down in *Darling v. Charleston Community Memorial Hospital*, 33 Ill.2d 326, 211 N.E.2d 253 and *Avery v. Moews Seed Corn. Co.*, 131 Ill. App.2d 842, 268 N.E.2d 561, but neither in the trial court nor in this court has plaintiff offered any basis for justifying a conclusion that relevant evidence or testimony was excluded.

■■ Plaintiff argues the court erred in refusing to give tendered instructions. The first instruction referred to is plaintiff's No. 12 purporting to be IPI 12.04 (revised) as modified. The instruction provides:

> "The Court instructs the Jury that the defendants in charge of a phase of the construction of the building had a nondelegable duty to comply with all the provisions of the Structural Work Statute which duty of compliance could not be evaded by contract nor by other means, and no such Defendants in charge that failed to comply with the Structural Work Statute proximately .contributing to cause Plaintiff's injury, if any, may escape liability for the mere reason that a company not a party to Plaintiff's law suit, such as Plaintiff's employer or the Plaintiff, may also have been to blame."

Plaintiff argues on the authority of *Kennerly v. Shell Oil Co.* (1958), 13 Ill.2d 431, 150 N.E.2d 134, and *Gannon v. Chicago, Minneapolis, St. Paul and Pacific Ry. Co.* (1961), 22 Ill.2d 305, 175 N.E.2d 785, that it was error to refuse the instruction. Initially it should be observed that IPI 12.04 is a negligence instruction to be given where the conduct of a third party not a party to the action or an agent of any of the defendants may be considered as relevant to the issue of proximate cause. The instruction tendered by plaintiff goes beyond mere modification of the pattern jury instruction and seeks to describe the quality of the duties imposed upon the defendants unrelated to issues of causation. In referring to a nondelegable duty of the defendants in contrast to the conduct of plaintiff's

employer the instruction would erroneously permit the jury to hold defendants responsible irrespective of any knowing violation of the statute or regardless of the effect of the employer's conduct. Alternatively the instruction suggests the defendants could be liable without fault if plaintiff's employer was a violator of the statute since the phrase nondelegable implies at least in part that any wrong doing of the employer could be imputed to other defendants. According to *Kennerly v. Shell Oil Co.* (1958), 13 Ill.2d 431, 150 N.E.2d 134, the statute imposes an absolute and independent non-delegable duty on the owner of the premises. This view was rejected in *Gannon v. Chicago, Minneapolis, St. Paul and Pacific Ry. Co.* (1961), 22 Ill.2d 305, 175 N.E.2d 785, and accordingly the *Kennerly* case can hardly be regarded as any authority concerning a nondelegable duty, relating as it did to the theory of absolute liability without fault. The tendered instruction we believe is inconsistent with the statutory basis of liability. *Larson v. Commonwealth Edison Co.* (1965), 33 Ill.2d 316, 211 N.E.2d 247; *Huckabee v. Bell & Howell, Inc.,* 47 Ill.2d 153, 265 N.E.2d 134, and *Toynan Construction Co. v. Roeth & Cutler, Inc.,* 52 Ill.2d 214.

■■ The court also declined to give plaintiff's instruction 16 which provides:

> "Under the provisions of the Structural Work Statute known as the Scaffolding Act, it is not required of the Plaintiff that he show that he was in the exercise of due care and caution for his own personal safety."

Where the action charges a knowing violation of the Structural Work Act the plaintiff is not required to prove his own due care and plaintiff's contributory negligence may not be urged as a defense. (*Rovekamp v. Central Construction Co.,* 45 Ill.App.2d 441, 195 N.E.2d 756.) As asserted by plaintiff the instruction does state a proper principle of law and in fact the objection to the instruction did not dispute this issue. Defendant's objection to the instruction was based on the contention that the instruction was a "negative" proposition that is, it declared what the plaintiff was not required to prove rather than those issues of which the plaintiff had an affirmative burden of proof. There is no question but that the instructions both of plaintiff and defendant correctly instructed the jury on the principles of law applicable to the liability of the defendant and such instructions concededly did not suggest plaintiff had any burden to prove his due care, freedom from contributory negligence or that plaintiff's contributory negligence if any, barred recovery.

■■ At the time of the trial in this case no pattern instructions had been adopted regarding Structural Work Act cases. Since the trial of the

case Illinois Pattern Jury Instruction 180.17 has been adopted and is substantially in accord with the instruction tendered by the plaintiff in the instant case. Thus the Committee has adopted the position that on balance an instruction of this type is appropriate even though under the general rule that which a party is required to prove by necessary implication excludes that which he is not required to prove. In accord with the recommendations of the drafters of the Illinois Pattern Jury Instructions an instruction similar to that tendered by the plaintiff is now considered appropriate. It is our conclusion that the failure of the trial court to give the instruction did not result in prejudicial error. No claim is made that either by instruction or argument was the conduct of the plaintiff questioned except in terms that the sole proximate cause of plaintiff's injury was his own conduct. No illusion was made to any requirement that plaintiff was required to prove his due care or that contributory negligence barred recovery.

■■ Next the court refused to give plaintiff's instruction Number 24; "The court instructs the jury that more than one company may be in charge of the construction or painting of a building within the meaning of the Structural Work Act."

The instruction states correctly an abstract principle of law in accord with *Gannon v. Chicago, Minneapolis, St. Paul & Pacific Ry. Co.*, 22 Ill.2d 305, 175 N.E.2d 785, and *Yankey v. Oscar Bohlin & Sons, Inc.*, 37 Ill.App.2d 457, 186 N.E.2d 790. The term "in charge of" has been deemed self explanatory making further explanation or definition both inappropriate and unnecessary. The drafters of the new recommended instructions have proposed IPI-Civil, 180.02, as being an appropriate instruction in the general area covered by plaintiff's tendered instruction. However the tendered instruction is in our view substantially different from the recommended instruction in that it is peremptory and fails to advise the jury that it may find that one or both of the defendants was not in charge of the work. Accordingly we believe that no prejudicial error was committed in refusing this instruction.

■■ Lastly plaintiff argues the jury's verdict is against the manifest weight of the evidence. We find no merit in this contention.

As noted, the issues in this case were submitted to the jury and resolved against the plaintiff. This is not a case in which the issues were resolved against the plaintiff in a summary judgment procedure or by directed verdict and consequently most of the cases cited by plaintiff which in effect involve these issues are of no support to plaintiff's position.

■■ Without further detailing the evidence it is sufficient to conclude from the summary of the facts previously set forth that the evidence and the reasonable inferences to be drawn therefrom regarding all of the

issues that the plaintiff was required to prove are substantially disputed. Consequently the resolution of the issues was properly the function of the jury and in our opinion there is ample evidence to support the jury's verdict.

For the foregoing reasons the judgment of the Circuit Court of Peoria County is affirmed.

Judgment affirmed.

DIXON and SCOTT, JJ., concur.