DONALD LEE POWERS, Plaintiff-Appellant, *v.* NATIONAL MIRROR WORKS, n/k/a National Mirror & Glass Co., *et al.*, Defendants.—(NATIONAL MIRROR WORKS, n/k/a National Mirror & Glass Co., Defendant-Appellee.)

Second District   No. 76-279

Opinion filed September 16, 1977.

Peter Alexander, of Martenson & Donohue, of Rockford, for appellant.

Robert K. Clark, of Rockford, for appellee.

Mr. JUSTICE GUILD delivered the opinion of the court:

Pursuant to Supreme Court Rule 304(a) (Ill. Rev. Stat. 1975, ch. 110A, par. 304(a)), the plaintiff, Donald Lee Powers, has appealed from two orders of the trial court entered in his action brought under the Structural Work Act (Ill. Rev. Stat. 1971, ch. 48, par. 60 *et seq.*) The incident in question which resulted in personal injuries to the plaintiff occurred on December 26, 1972, during the construction of a United States Post Office building at 5225 Harrison Avenue in Rockford, Illinois. Plaintiff was an employee of Mid States Construction Systems, a subcontractor, and was

engaged in the work of lathing a stairwell in the building. The defendant involved in this appeal, National Mirror Works, now known as National Mirror and Glass Co., was another subcontractor employed to install glass and aluminum in the building under construction. Plaintiff was injured when, in the process of descending from a scaffold, one of the rungs of the ladder he was using broke, causing him to fall to the ground. The ladder in question was allegedly owned by the defendant.

On September 8, 1975 the defendant filed a motion for summary judgment (see Ill. Rev. Stat. 1975, ch. 110, par. 57), supported by an affidavit of its president, R. C. Hamilton, and the depositions of various persons. Plaintiff filed an "Answer Contesting Defendant's Motion for Summary Judgment," arguing in substance that there was a genuine issue of material fact concerning whether defendant was a "person having charge of" the work and thus subject to liability under the Structural Work Act. The trial court granted defendant's motion for summary judgment on January 2, 1976, and plaintiff filed his notice of appeal on January 23, 1976. Accordingly, the first issue to be decided on this appeal is whether the trial court properly granted defendant's motion for summary judgment.

Plaintiff admits that the defendant had no right to and did not exercise any degree of control or supervision over his activities. He further admits that it was not a customary practice for workmen of one subcontractor to borrow equipment from any other contractor or subcontractor working on the same jobsite. Plaintiff's deposition further establishes that on the day of his injury he was engaged in lathing a stairwell running from the first to the second floor. He and a fellow employee had erected a scaffold for this purpose which was approximately five feet high. It was so positioned in the stairwell that access to the working area could be gained in only two ways. Plaintiff and his co-worker could crawl up the stairs on their hands and knees to reach the platform on the scaffold or they could use a ladder to ascend and descend from the scaffold. Plaintiff admitted that his own employer furnished him with ladders for his work but that he did not ask either his employer or anyone else for a ladder. Instead, he noticed a ladder leaning against a wall approximately 10 to 15 feet from the scaffold that he had erected. He stated, "It was the easiest way to get up there on the Safway [scaffold], so we borrowed it." Both plaintiff and his co-worker used the ladder to ascend and descend from the scaffold once or twice before the injury occurred.

The other depositions filed in support of defendant's motion for summary judgment established the following facts. No employees of defendant were present on the construction site on the day of plaintiff's injury. The general contractor had assigned various places for storage of equipment by the subcontractors when it was necessary to leave it on the

jobsite. National Mirror's equipment was stored in a room in the northwest corner of the building under construction but the room could not be locked. The general contractor's superintendent of the construction had experienced no prior problems concerning improper storage of equipment by the defendant. The only reason the general contractor's superintendent would exercise control over the equipment of a subcontractor on the job would be if it was in the way. All subcontractors were expected to furnish their own equipment and supplies.

The depositions also reveal a certain amount of controversy concerning the identity and ownership of the ladder from which plaintiff fell. For purposes of this opinion, however, we assume that defendant did indeed own the ladder involved in the incident. Stated simply, plaintiff's position herein is that the defendant's ownership of the ladder , plus the fact that it was in charge of the phase of construction having to do with the installation of glass in the building, is sufficient to raise a question of fact as to whether defendant could be found to be a person having charge of the work. We do not agree.

■■■ Before a defendant may be found to be in charge of the work there must be a showing that he had some direct connection with the construction operation. (*Larson v. Commonwealth Edison Co.* (1965), 33 Ill. 2d 316, 211 N.E.2d 247.) In addition, the Illinois Supreme Court has pointed out on numerous occasions that the defendant must have also been in charge of the particular operations which involved the violation from which the alleged injury arose. (*McGovern v. Standish* (1976), 65 Ill. 2d 54, 357 N.E.2d 1134; *Carruthers v. B. C. Christopher & Co.* (1974), 57 Ill. 2d 376, 313 N.E.2d 457; *Warren v. Meeker* (1973), 55 Ill. 2d 108, 302 N.E.2d 54.) The act does not impose liability upon one who merely furnishes possibly defective equipment which causes an accident. *Warren v. Meeker; Huckabee v. Bell & Howell, Inc.* (1970), 47 Ill. 2d 153, 265 N.E.2d 134; *Vykruta v. Thomas Hoist Co.* (1966), 75 Ill. App. 2d 291, 221 N.E.2d 99.

In support of his position, plaintiff has relied primarily upon *Lawler v. Pepper Construction Co.* (1961), 33 Ill. App. 2d 188, 178 N.E.2d 687, and *Pantaleo v. Gamm* (1969), 106 Ill. App. 2d 116, 245 N.E.2d 618. In our opinion, however, both cases involve factual situations clearly distinguishable from that involved herein. In *Pantaleo* an employee of the roofing subcontractor was injured while riding a materials hoist to the roof. The materials hoist belonged to the general contractor who was obligated to furnish all equipment and take precautions for the safety of the employees. In addition, there was no other way in which the roofers could reach the roof. In our case defendant had no obligation to furnish equipment for the employees of any other subcontractor and, according

to plaintiff's own testimony, there were clearly other ways in which he could ascend the scaffold in question, either on his hands and knees or by use of a ladder provided by his own employer. In *Lawler* an employee of the general contractor was injured when he fell from a scaffold which had been erected by a subcontractor. There was an established pattern of operations whereby the general contractor's employees did certain work, followed by the subcontractor, after which other employees of the general contractor returned to work upon the same area. There was also testimony that the employees of the general contractor had used the subcontractor's scaffold, in the presence of the subcontractor's employees, on previous occasions in connection with their work. In addition, there was conflicting testimony over whether the scaffold had been left in place or dismantled before the general contractor's employees returned to the job. In the case before us the two subcontractors were engaged in different operations involving different parts of the building under construction. There was no testimony indicating that any "borrowing" had occurred on this construction site at any time prior to the incident herein or that the defendant had any reason to be aware of any such "borrowing." In our opinion the position of the defendant herein is more analogous to that of the defendants in *Vykruta v. Thomas Hoist Co.* and *Huckabee v. Bell & Howell, Inc.* In both of those cases plaintiff's employer had leased the equipment which plaintiff was using at the time of the injury from the defendant. The defendant-lessor was not otherwise connected with the construction activities of plaintiff or his employer. In the case before us defendant was not connected with the activities of plaintiff or his employer, and had no reason to expect that the employees of another subcontractor would "borrow" its equipment. On the basis of the evidence before it, the trial court properly entered summary judgment in favor of defendant.

Plaintiff has also appealed from an order entered by the trial court on February 17, 1976, denying him leave to file an amendment to his complaint by adding count IV, which charged defendant with negligence. Count I of the original complaint filed in this action had charged defendant with violating the Structural Work Act. It was this count upon which the trial court granted summary judgment on January 2, 1976. Plaintiff filed his notice of appeal from that action of the trial court on January 23, 1976. On February 5, 1976, the plaintiff filed his motion for leave to amend the complaint. On the same day he filed his praecipe for record with regard to his previously filed notice of appeal. The judgment order entered by the trial court on February 17, 1976, recites that defendant appeared specially by counsel contesting the jurisdiction of the court to consider the motion, although the order itself states no reason for denying the amendment. Plaintiff asserts in his brief that the trial court felt

it was without jurisdiction to grant leave to file the amendment and further argues that we should reverse because this is contrary to the intent of section 46(2) of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 46(2)). Although defendant properly points out that the record is devoid of any explanation for the trial court's action, it takes the position that the trial court was indeed without jurisdiction to consider plaintiff's proposed amendment.

For purposes of clarity in dealing with this matter, we deem it wise to start by setting forth the applicable portions of section 46 of the Civil Practice Act:

"(1) At any time *before final judgment* amendments may be allowed on just and reasonable terms, introducing any party who ought to have been joined as plaintiff or defendant, * * *.

(2) The cause of action, cross demand or defense set up in any amended pleading shall not be barred by lapse of time * * * if it shall appear from the original and amended pleadings that the cause of action asserted, or the defense or cross demand interposed in the amended pleading grew out of the same transaction or occurrence set up in the original pleading * * *.

(3) A pleading may be amended at any time, *before or after judgment*, to conform the pleadings to the proofs * * *." (Emphasis added.) (Ill. Rev. Stat. 1975, ch. 110, par. 46.)

In addition, Supreme Court Rule 304(a) (Ill. Rev. Stat. 1975, ch. 110A, par. 304(a)), under which this appeal has been taken, provides, in part:

"If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a *final judgment* as to one or more but fewer than all the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal." (Emphasis added.)

■■ Plaintiff has candidly conceded in his brief that he has been "unable to find any case where an amendment by adding a separate cause of action has been granted by the trial court after the filing of a notice of appeal." Indeed, our research indicates that in the normal case involving one plaintiff and one defendant the law is well settled that the filing of a notice of appeal causes the jurisdiction of the reviewing court to attach instanter and deprives the trial court of further jurisdiction. See, *e.g., Hecht v. Hecht* (1977), 49 Ill. App. 3d 334, 364 N.E.2d 330; *Kilbane v. Dyas* (1975), 33 Ill. App. 3d 439, 337 N.E.2d 217; *First Federal Savings & Loan Association v. American National Bank & Trust Co.* (1968), 100 Ill. App. 2d 460, 241 N.E.2d 615.

■■■ The question then becomes whether there is any convincing reason why this same rule should not apply in cases involving more than one defendant. We can see none. Rule 304(a) clearly contemplates that

there must be a "final judgment." In the case before us the judgment was final only with respect to the defendant, since there was still a claim pending against at least one other defendant under the Structural Work Act at the time summary judgment was granted. From reading section 46 of the Civil Practice Act in its entirety, it is clear that once there is a final judgment the only amendments which may be allowed are to conform the pleadings to the proofs, a situation which does not exist herein. Although section 46(2) does not specifically state the requirement that the amended pleading must be filed before final judgment, we believe this particular section has meaning only when read in conjunction with section 46(1), which does state that requirement. Thus, there was a final judgment in favor of the defendant and against plaintiff entered herein. That judgment being final, and plaintiff having elected to file his notice of appeal therefrom, there was no further jurisdiction in the trial court to allow an amendment to the pleadings of the type under consideration herein.

■■ Plaintiff complains that his right to file an amendment to the complaint adding a negligence count against the defendant is now contingent upon the success of his appeal with regard to whether the summary judgment was properly granted on the count involving the Structural Work Act. Plaintiff, however, overlooks two things. First, the so-called right to amend is not absolute and always available. Second, the situation facing plaintiff is of his own making. An examination of the proposed amendment to the complaint reveals that one of the two alleged negligent acts of the defendant, *i.e.*, failing to mark the defective rung on the ladder, was also assigned as a violation of the Structural Work Act in the original complaint. Thus plaintiff clearly knew of at least that allegedly negligent act from the very beginning of this lawsuit. The record also reveals that on at least one occasion prior to defendant's motion for summary judgment herein plaintiff had amended the complaint to add a count III which was apparently unrelated to this defendant. Finally, we must note that nearly four months elapsed between the time defendant made its motion for summary judgment and the time the trial court granted it. There is authority in Illinois that even at that stage of the proceedings it is not too late to make an amendment to the complaint which will relate back to the date of filing of the original complaint and thus avoid statute of limitations problems. (See *Allen v. Kewanee Machinery and Conveyor Co.* (1974), 23 Ill. App. 3d 158, 318 N.E.2d 696.) However, plaintiff made no attempt to do so in this case until after summary judgment had been granted and the notice of appeal filed.

■■ Under our current system of practice and pleading, plaintiff is allowed to join various defendants and allege alternative theories of

recovery against any or all of them. In a case such as this one there is no requirement that plaintiff plead all theories of recovery against any or all defendants. Thus, it was perfectly proper for plaintiff to elect to file an action under the Structural Work Act and elect not to file an action based on common law negligence. Under our more liberal system of practice and pleading, plaintiff is also allowed a certain amount of freedom with regard to amendments made after the statute of limitations has run. However, section 46 of the Civil Practice Act was not intended to allow a plaintiff to plead and litigate his possible theories of recovery against a single defendant one after another, allowing each particular claim to proceed to final judgment before instituting the next one, long after the statute of limitations has run.

For the reasons stated herein, both orders of the trial court from which plaintiff has appealed are affirmed.

Affirmed.

RECHENMACHER, P. J., and WOODWARD, J., concur.