LOYOLA ACADEMY, Plaintiff-Appellant, v. S&S ROOF MAINTENANCE, INC., *et al.*, Defendants-Appellees.

First District (4th Division)   No. 1—88—2525

Opinion filed May 3, 1990.—Modified on denial of rehearing June 28, 1990.

McMORROW, P.J., dissenting.

Galliani & Doell, Ltd., of Chicago (William R. Galliani and Patrick F. Healy, of counsel), for appellant.

Raymond A. Boldt, of Mundelein, for appellee S&S Roof Maintenance, Inc.

Peterson, Ross, Schloerb & Seidel, of Chicago (Terry M. Cosgrove and Stephen M. Hoke, of counsel), for appellee Kelly Energy Systems, Inc.

JUSTICE JIGANTI delivered the opinion of the court:

The trial court granted summary judgment in favor of the defendant. The plaintiff subsequently sought to amend its pleadings. The trial court denied the plaintiff's motion. This appeal questions the power and discretion of the trial court to deny the motion to amend.

The plaintiff, Loyola Academy, filed a three-count complaint against the defendants, S&S Roof Maintenance, Inc., and Kelly En-

ergy Systems, Inc., seeking recovery for damages incurred to its roof. In count I, directed against S&S, Loyola alleged various acts of negligence related to S&S's installation of Loyola's roofing system. In count II, also directed against S&S, Loyola alleged S&S's breach of an implied warranty of merchantability. In count III, directed against Kelly, the manufacturer of the roof, Loyola alleged breach of an express warranty. The trial court granted summary judgment in favor of the defendants on counts II and III. Loyola moved for a reconsideration of the summary judgment order. The court denied the motion. S&S then filed a motion to dismiss count I, the sole remaining count. At the hearing on S&S's motion, Loyola made an oral motion for leave to file an amended complaint. The court, with prejudice, granted S&S's motion to dismiss, and without prejudice, denied Loyola leave to amend. Thereafter, Loyola filed a written motion for leave to amend. In the proposed amended complaint, Loyola alleged that defendant Kelly had breached an implied warranty of merchantability and violated the Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1985, ch. 121½, par. 261 et seq.). Loyola further alleged against both defendants Kelly and S&S breach of an implied warranty of fitness for a particular purpose and breach of contract. The trial court denied Loyola's motion for leave to amend the complaint.

In appealing the trial court's denial of leave to amend, Loyola maintains that under section 2—1005(g) of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—1005(g)), the trial court is explicitly granted the power upon just and reasonable terms to permit amendments after summary judgment. Loyola asserts that the trial court's denial of its leave to amend was an abuse of discretion. Section 2—1005(g) of the Code, effective September 14, 1985, provides:

> "Before or after the entry of a summary judgment, the court shall permit pleadings to be amended upon just and reasonable terms." Ill. Rev. Stat. 1985, ch. 110, par. 2—1005(g).

The defendants' response to Loyola's argument is that the standard for amending complaints after any final judgment is enunciated in section 2—616(c) of the Code of Civil Procedure, which states:

> "A pleading may be amended at any time, before or after judgment, to conform the pleadings to the proofs, upon terms as to costs and continuance that may be just." (Ill. Rev. Stat. 1985, ch. 110, par. 2—616(c).)

Based on section 2—616(c), the defendants conclude that after summary judgment has been entered pleadings may be amended only to conform the pleadings to the proofs. In support of their argument the

defendants cite *Wells v. Great Atlantic & Pacific Tea Co.* (1988), 171 Ill. App. 3d 1012, 525 N.E.2d 1127. In *Wells*, the court reasoned that when taken together, sections 2—616(c) and 2—1005(g) stand for the proposition "that before or after a grant of summary judgment, but before the summary judgment becomes final, the court shall permit pleadings to be amended upon just and reasonable terms." (*Wells*, 171 Ill. App. 3d at 1020, 525 N.E.2d at 1132.) The court went on to conclude that, after final judgment, the only permissible amendments are those which conform the pleadings to the proofs pursuant to section 2—616(c).

■ ■ Our analysis diverges from that of the *Wells* court. The Code of Civil Procedure is to be liberally construed "to the end that controversies may be speedily and finally determined according to the substantive rights of the parties." (Ill. Rev. Stat. 1985, ch. 110, par 1—106.) Standing alone, section 2—616(c) limits amendments to pleadings after final judgment to those that conform to the proofs. In the present case, the summary judgment had already been entered when Loyola made a motion to amend the pleadings. Nevertheless, we do not believe that Loyola is limited to amendments that conform the pleadings to the proofs. We believe that the court's discretionary power under section 2—1005(g) of the Code of Civil Procedure to permit amendments upon just and reasonable terms implicates the power of the court to vacate judgments under sections 2—1203 and 2—1301(e). (See Ill. Rev. Stat. 1985, ch. 110, pars. 2—1203, 2—1301(e).) It is within the court's discretion to vacate a judgment when to do so promotes substantial justice between the parties. (*Espedido v. St. Joseph Hospital* (1988), 172 Ill. App. 3d 460, 526 N.E.2d 664.) If the court in its discretion believes that under the just and reasonable standard of section 2—1005(g) an amendment to the pleadings is appropriate, the court, in the interest of substantial justice, should vacate the judgment and allow the amendment. In the present case the court had the discretionary power to vacate the summary judgment order, thus removing the section 2—616(c) final judgment impediment to Loyola's section 2—1005(g) motion for leave to amend. See *Ruklick v. Julius Schmid, Inc.* (1988), 169 Ill. App. 3d 1098, 523 N.E.2d 1208.

Having established, contrary to the defendants' argument, that the trial court did have the authority to grant Loyola's motion for leave to amend, we turn now to examine whether the court properly exercised its discretion in denying Loyola's motion. Both the defendants and the plaintiff in this case cite to the case of *Kupianen v. Graham* (1982), 107 Ill. App. 3d 373, 437 N.E.2d 774, for the factors the court should bear in mind in deciding whether to grant an amendment

to the pleadings. In *Kupianen,* the appellate court considered whether the proposed amendment would cure the defective pleading, whether there had been previous opportunities to amend, the timeliness of the proposed amendment, and the potential prejudice or surprise to the other party. It is important to note, however, that in the *Kupianen* case, the movant appealed from the trial court's denial of his motion to amend the pleadings after the court had dismissed his countercomplaint.

&#9642; In the present case, we are dealing with the court's denial of a motion to amend the pleadings after the court granted summary judgment. Different considerations are applicable depending upon the stage of the proceedings in which the movant first brings the proposed amendment. (See *Able v. Pure Oil Co.* (1972), 8 Ill. App. 3d 558, 290 N.E.2d 331.) The later in the proceedings the movant proposes the amendment, the more likely it is to prejudice the opposing party and burden the court. (See 3 R. Michael, Illinois Civil Practice §26.2 (1989).) We do not view motions to amend the pleadings after summary judgment with the same liberality that we view motions to amend after a dismissal order in the pleading stage. Upon reaching the summary judgment stage of the proceedings, the court has moved from an examination of the sufficiency of the pleadings, through the discovery stage, to a determination of whether there are material issues of fact to advance to a full trial. See *Janes v. First Federal Savings & Loan Association* (1974), 57 Ill. 2d 398, 312 N.E.2d 605.

&#9642; Presumptively, by the time of the hearing on the motion for summary judgment, the parties know everything to be known about the facts and the law of the case. The hearing on the motion is a significant, potentially dispositive stage of the proceeding. Entering this stage, the trial judge has a right and a need to know what the parties know. Accordingly, motions to amend pleadings based on information known to the movant before the hearing should be made before the court reaches the summary judgment stage. (*Cf. Delgatto v. Brandon Associates, Ltd.* (1989), 131 Ill. 2d 183, 545 N.E.2d 689 (after motion for summary judgment has been granted, a new matter should not be allowed in the absence of a reasonable explanation of why it was not made available at the time of the original hearing).) It is not appropriate for the moving party to engage in piecemeal litigation—seeing one theory of the case to completion before proposing another. See *Powers v. National Mirror Works* (1977), 52 Ill. App. 3d 592, 367 N.E.2d 763.

&#9642; In the instant case Loyola proposes amendments of potentially significant impact to the case. The facts Loyola alleges in the

amended complaint were known at the inception of this litigation. The trial court noted that Loyola could have filed its amended complaint before the court granted summary judgment on counts I and II, or contemporaneously with Loyola's motion for reconsideration of the summary judgment. Loyola offered no justification for its lack of alacrity, and the trial court was within its discretion when it denied Loyola's motion to amend the pleadings.

The judgment of the trial court is affirmed.

Affirmed.

JOHNSON, J., concurs.

PRESIDING JUSTICE McMORROW, dissenting:

I respectfully dissent. Although the majority ostensibly recognizes the plaintiff's right to amend following summary judgment pursuant to section 2—1005(g) of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—1005(g)), the majority then eviscerates this right by imposing unprecedented and needlessly restrictive limitations on the circumstances in which the plaintiff's right to amend will be permitted. The majority creates a broad rule that "motions to amend pleadings based on information known to the movant before the hearing *should be* made before the court reaches the summary judgment stage." (Emphasis added.) (*Loyola*, 198 Ill. App. 3d at 803.) The majority then determines that the trial court properly denied plaintiff's request to amend following summary judgment because the "facts [plaintiff] alleges in the amended complaint were known at the inception of th[e] litigation" and the plaintiff "offered no justification for its lack of alacrity." (*Loyola*, 198 Ill. App. 3d at 804.) In so doing, the majority ignores the admonition of the Code of Civil Procedure that its provisions "shall be liberally construed, to the end that controversies may be speedily and finally determined according to the substantive rights of the parties." Ill. Rev. Stat. 1987, ch. 110, par. 1—106.

The majority's ruling is contrary to Illinois precedent regarding requests to amend following summary judgment (see *Siebert v. Continental Oil Co.* (1987), 161 Ill. App. 3d 891, 515 N.E.2d 728; *Ruff v. Northwestern Memorial Hospital* (1987), 159 Ill. App. 3d 811, 513 N.E.2d 7, relying upon *Kupianen v. Graham* (1982), 107 Ill. App. 3d 373, 377, 437 N.E.2d 774; see also *Wingate v. Camelot Swim Club, Inc.* (1990), 193 Ill. App. 3d 963), and fails to accomplish substantial justice. Application of the standard already established in Illinois jurisprudence reveals that the trial court should have allowed plaintiff's

motion for leave to file an amended complaint.

*Siebert v. Continental Oil Co.* (1987), 161 Ill. App. 3d 891, 515 N.E.2d 728, and *Ruff v. Northwestern Memorial Hospital* (1987), 159 Ill. App. 3d 811, 513 N.E.2d 7, are virtually identical to the instant cause and show that the trial court in the case at bar abused its discretion when it denied plaintiff leave to file an amended complaint. In both *Siebert* and *Ruff*, the trial court entered summary judgment in favor of the defendants and denied plaintiffs' motions for leave to amend. On appeal, the courts determined that the motions for leave to amend should have been allowed despite the plaintiffs' previous opportunities to amend their complaints.

To reach this conclusion, the courts in *Siebert* and *Ruff* noted that section 2—1005 of the Illinois Code of Civil Procedure provides in pertinent part: "Before or after the entry of a summary judgment, the court shall permit pleadings to be amended upon just and reasonable terms." (Ill. Rev. Stat. 1985, ch. 110, par. 2—1005(g).) The courts observed that, according to the Historical and Practice Notes, this provision in section 2—1005 " '*reaffirms* the power of the court to permit amendments to pleadings at any time, as mandated by section 2—616(a) of the Civil Practice Law, notwithstanding a party's invocation of the summary judgment procedure and *notwithstanding the success of that invocation.*' " (Emphasis in *Ruff.*) *Ruff*, 159 Ill. App. 3d at 817-18, quoting Ill. Ann. Stat., ch. 110, par. 2—1005, Historical and Practice Notes, at 21 (Smith-Hurd Supp. 1987); see also *Siebert*, 161 Ill. App. 3d at 895.

Having determined that the trial court possessed the authority to vacate summary judgment and permit the plaintiffs' amendment to their complaint, the court in *Siebert* turned to a detailed analysis of "what standards the court 'shall' use in arriving at its decision as to whether or not the amendment should be permitted." (*Siebert*, 161 Ill. App. 3d at 895.) Relying upon *Kupianen v. Graham* (1982), 107 Ill. App. 3d 373, 377, 437 N.E.2d 774, the *Siebert* court concluded that the relevant factors are: " 'whether the proposed amendment would cure the defective pleading [citation]; whether other parties would sustain prejudice or surprise by virtue of the proposed amendment [citations]; the timeliness of the proposed amendment [citation]; and whether previous opportunities to amend the pleadings could be identified. [Citation.]' " (*Siebert*, 161 Ill. App. 3d at 895.) Applying these factors to the case before it, the court in *Siebert* found that the plaintiff should have been allowed to file an amended complaint:

>"In the case at bar, the amendment would cure the defective pleading * * *. * * *

The next two elements in the test were addressed by this court in *Kupianen* in a statement which is applicable to the case at bar: 'No prejudice or surprise could have resulted to the other parties since the case was still at the pleading stage. The proposed amendment was presented to the trial court at the time the motion to vacate was heard.' [Citation.] The court in *Kupianen*, having decided the first three components of the analysis in favor of allowing amendment of the counterclaim, did not apply the final factor when reaching its conclusion that the attempted amendment to the counterclaim should have been permitted. We adopt the same approach. Despite the plaintiff's having had previous opportunities in the case *sub judice* to amend the complaint, the only just and reasonable approach now is to allow the plaintiff to amend the complaint." *Siebert*, 161 Ill. App. 3d at 896.

*Siebert, Ruff,* and *Kupianen* are dispositive of the case at bar. As in each of those cases, the proposed amended complaint in the instant cause contained different legal theories than those alleged in plaintiff's original pleadings. Plaintiff's proposed amendments were also sufficient to overcome the defects in its original complaint. The record shows that plaintiff promptly sought leave to amend at the court's last hearing with respect to the merits of plaintiff's initial complaint. The record also indicates that plaintiff had not previously sought leave to amend, and that plaintiff filed its motion for leave to amend upon the trial court's express allowance.

Permitting the motion to amend would not be unfairly prejudicial to defendants, who have remained actively involved in the litigation since its inception. The court in *Siebert* reasoned: " 'No prejudice or surprise could have resulted to the other parties since the case was still at the pleading stage. The proposed amendment was presented to the trial court at the time the motion to vacate was heard.' " (*Siebert*, 161 Ill. App. 3d at 896, quoting *Kupianen*, 107 Ill. App. 3d at 377.) The case at bar was also at the pleading stage and, as in *Siebert*, "[n]o prejudice or surprise could have resulted to the other parties." (*Siebert*, 161 Ill. App. 3d at 896.) Also, in the case at bar, as in *Siebert* and *Kupianen*, "[d]espite the plaintiff's having had previous opportunities in the case *sub judice* to amend the complaint, the only just and reasonable approach now is to allow the plaintiff to amend the complaint." (*Siebert*, 161 Ill. App. 3d at 896.) Based upon *Siebert, Ruff,* and *Kupianen*, and in order to do substantial justice between the parties, the trial court should have allowed plaintiff leave to file an amended complaint.

The majority refuses to apply the *Kupianen* factors to the case at bar on the theory that *Kupianen* is distinguishable because it pertained to a request to amend following dismissal with prejudice. In place of the *Kupianen* factors, the majority creates a new, broad rule that "motions to amend pleadings based on information known to the movant before the hearing *should be* made before the court reaches the summary judgment stage." (Emphasis added.) (*Loyola,* 198 Ill. App. 3d at 803.) On this basis, the majority determines that the trial court properly denied plaintiff's request to amend following summary judgment because the "facts [plaintiff] alleges in the amended complaint were known at the inception of th[e] litigation" and the plaintiff "offered no justification for its lack of alacrity." (*Loyola,* 198 Ill. App. 3d at 804.) Thus, the majority relies exclusively upon the factor which the court in *Siebert, Ruff,* and *Kupianen* found least significant and readily excused, *i.e.,* whether the plaintiff had prior opportunities to amend the complaint.

I find neither logic nor wisdom in the majority's ruling. Contrary to the majority's statement that different considerations are applicable depending upon the stage of the proceedings in which the plaintiff first requests to amend its complaint (*Loyola,* 198 Ill. App. 3d at 803), Illinois courts have applied the factors of *Kupianen* to motions for leave to amend filed following dismissal with prejudice and those filed after the entry of summary judgment. See, *e.g., Wingate v. Camelot Swim Club, Inc.* (1990), 193 Ill. App. 3d 963; *Ruklick v. Julius Schmid, Inc.* (1988), 169 Ill. App. 3d 1098, 523 N.E.2d 1208.

In addition, there is no sound reason to apply one standard when the motion to amend is filed following dismissal with prejudice, and apply a substantially different standard when the motion to amend is made following summary judgment. Both dismissal with prejudice and summary judgment are, in the words of the majority, "significant, potentially dispositive stage[s] of the proceeding[s]." (*Loyola,* 198 Ill. App. 3d at 803.) At each of these points in the litigation, the parties are obligated to know the facts and the law supporting their positions, and to so inform the court. (See Ill. Rev. Stat. 1987, ch. 110, par. 2—611; 134 Ill. 2d R. 137 (sanctions for failure to make reasonable inquiry into facts and law supporting legal position).) The stage at which the motion to amend is presented is a factor with respect to whether the nonmovant will be unfairly prejudiced by the amendment. Irrespective of whether plaintiff's request to amend has been filed after dismissal with prejudice or after summary judgment, " '[n]o prejudice or surprise could *** result[ ] to the other parties since the case was still at the pleading stage[,] [provided] [t]he proposed amendment

was presented to the trial court at the time the motion to vacate was heard.' " (*Siebert*, 161 Ill. App. 3d at 896, quoting *Kupianen*, 107 Ill. App. 3d at 377.) As noted above, the parties in the case at bar were still at the pleading stage when plaintiff presented its request to file an amended complaint alleging, not new facts, but different legal theories. The parties have acknowledged that little, if any, discovery was taken prior to the court's ruling on the defendants' summary judgment motions. The prejudice to plaintiff is apparent in the court's refusal to allow plaintiff to file its first amended complaint, but I fail to discern how defendant would be prejudiced by the allowance of the motion to file plaintiff's first amended complaint, particularly since the parties were still before the court with arguments relating to the pleadings.

The cases upon which the majority relies do not support its determination that the plaintiff was properly denied leave to amend because the "facts [plaintiff] alleges in the amended complaint were known at the inception of th[e] litigation" and plaintiff "offered no justification for its lack of alacrity." (*Loyola*, 198 Ill. App. 3d at 804.) In *Janes v. First Federal Savings & Loan Association* (1974), 57 Ill. 2d 398, 312 N.E.2d 605, the Illinois Supreme Court disapproved of hybrid motions that seek both dismissal with prejudice and summary judgment. The supreme court cautioned that the trial court judge should dispose of a motion to dismiss before the court entertains the motion for summary judgment. The *Janes* decision is not relevant to the issues raised in the instant cause.

The majority also relies upon *Able v. Pure Oil Co.* (1972), 8 Ill. App. 3d 558, 290 N.E.2d 331. In *Able*, the plaintiff requested leave to amend pleadings *during the course of trial*. The appellate court reasoned that plaintiff's "amendments ought to be allowed when not to do so will prejudice the plaintiff and when to do so will not prejudice the defendant." (8 Ill. App. 3d at 563.) The *Able* court's reasoning depended primarily upon a balancing of the prejudice to both plaintiff and defendant in the event that amendment were allowed or denied. The majority fails to consider the prejudice to either the plaintiff or the defendants that will result if amendment were allowed or denied in the instant cause.

*Powers v. National Mirror Works* (1977), 52 Ill. App. 3d 592, 367 N.E.2d 763, to which the majority also refers, involved a plaintiff's attempt to amend his complaint after notice of appeal had been filed and the statute of limitations had expired. Consequently, *Powers* is inapplicable to the case at bar. The plaintiff in the instant cause did not request leave to amend the complaint after notice of appeal had been

filed. Indeed, defendants in the case at bar never argued to the trial court that the motion for leave to amend should be denied on the ground that the amendment included a cause of action on which the statute of limitations had expired. Nor has the plaintiff in the instant cause litigated various theories of recovery "one after another, allowing each particular claim to proceed to final judgment before instituting the next one," as did the plaintiff in *Powers* (52 Ill. App. 3d at 599).

For these reasons, I disagree with the majority's refusal to apply the factors set forth in *Kupianen* and the majority's determination that the trial court properly denied plaintiff leave to amend its complaint following summary judgment.