HELLER FINANCIAL, INC., Plaintiff-Appellee, v. CHRISTOPHER LA SALLE AND COMPANY, INC., Defendant-Appellant.

First District (3rd Division)   No. 86—1523

Opinion filed March 31, 1988.

Francine Schwartz Bober and Richard J. Lipschultz, both of Chicago, for appellant.

Nathan H. Dardick and Ellen Barron Feldman, both of Dardick & Denlow, of Chicago, for appellee.

PRESIDING JUSTICE WHITE delivered the opinion of the court:

Defendant Christopher La Salle and Company appeals a default judgment entered in favor of plaintiff Heller Financial, Inc. Heller had engaged La Salle as a procurer of shipping services: La Salle combined the shipping of several customers to qualify for carriers' bulk shipping rates and took as a commission a percentage of the customers' savings. Heller's complaint, filed on October 16, 1985, alleged that it had sent approximately $18,600 to La Salle to be forwarded to a shipper, Federal Express, as payment of Heller's invoices, but that La Salle neither paid Heller's Federal Express charges nor returned the money to Heller. On February 6, 1986, Heller moved for a default judgment against La Salle for failure to file an answer. The trial court denied Heller's request and granted La Salle until February 17 to file. La Salle produced no answer, and on March 10, Heller again moved for a default. The trial court entered an order of default on March 19 and a default judgment of $42,884.61, which included $24,000 in punitive damages, on April 10. La Salle's April 21 motion to vacate the default judgment was denied, as was its request for rehearing of the motion to vacate.

■■ ■ A trial court should be liberal in setting aside a default

judgment when a motion is filed within 30 days of entry of that judgment. (*Karaskiewicz v. Karaskiewicz* (1976), 38 Ill. App. 3d 509, 349 N.E.2d 184.) Heller has identified inactivity on the part of La Salle's counsel which indicates a lack of diligence, but a default judgment may be vacated even in the absence of due diligence. (*Piasa Motor Fuels, Inc. v. Department of Revenue* (1985), 138 Ill. App. 3d 422, 427, 486 N.E.2d 379.) The overriding consideration in deciding whether to vacate a default judgment is whether or not substantial justice is being done between the litigants and whether it is reasonable, under the circumstances, to compel the other party to go to trial on the merits. (*People ex rel. Reid v. Adkins* (1971), 48 Ill. 2d 402, 406, 270 N.E.2d 841.) Two of the factors previously recognized by this court as being relevant in answering the substantial justice inquiry are the severity of the penalty as a result of the default judgment and the hardship which the plaintiff would suffer in proceeding to a trial on the merits. (*Dalton v. Blanford* (1978), 67 Ill. App. 3d 91, 100, 383 N.E.2d 806.) Reversal of a default judgment does not require a determination that the trial court abused its discretion. *Patrick v. Burgess-Norton Manufacturing Co.* (1976), 63 Ill. 2d 524, 531, 349 N.E.2d 52.

In the instant case, La Salle claims that Heller breached their agreement by terminating it prematurely and that it held Heller funds only while awaiting full payment from Heller under the contract. If this is true, we believe that the actual and punitive damages entered are severe penalties to pay for the lack of diligence shown. In addition, we are aware of no hardship which would be suffered by Heller as a result of a trial to prove which party was truly in breach of the contract. This court has vacated default judgments upon finding that the default imposes a far greater hardship on a defendant than a trial would place on the plaintiff. (*City of Chicago Heights v. Furrer* (1981), 99 Ill. App. 3d 414, 425 N.E.2d 1125.) We believe that such a case is presented here and that justice would be served by a trial on the merits.

Despite our belief that default is an unduly harsh penalty to be borne by defendant in this case, we must express our understanding of the desire of the trial court and the plaintiff to impose some sanction for defendant's failure to answer the complaint. La Salle has offered no explanation for its failure to file an answer before the initial deadline. It claims that it missed the February 17 deadline because Heller agreed to settlement negotiations on the condition that La Salle not file an answer. We find it difficult to believe that an attorney with even the most basic grasp of the adversarial nature of our legal system could consider the entreaty of an opposing party justification

for failure to plead. No other justification for La Salle's delay was presented to this court. Our decision to vacate the judgment against La Salle is not to be construed as an acceptance of its claims or a belief that its behavior should go unpenalized. We merely hold that default was too severe a sanction in this case and express no opinion on lesser sanctions which may be imposed by the trial court on remand.

We vacate the judgment of the circuit court of Cook County and remand the cause to that court for further proceedings.

Vacated and remanded.

McNAMARA and FREEMAN, JJ., concur.