HEATHER MARIE USHMAN, by Cindy Ushman, her Mother and Next Friend, Plaintiff-Appellant, v. STERLING DRUGS, INC., Defendant (Memorial Medical Center, Defendant-Appellee).

Fourth District    No. 4—87—0471

Opinion filed March 31, 1988.

Ellen A. Dauber, of Cook, Shevlin & Keefe, Ltd., of Belleville, for appellant.

Susan M. Hickman and Marian A. Sargent, both of Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Springfield, for appellee.

JUSTICE SPITZ delivered the opinion of the court:

On August 5, 1978, plaintiff Heather Marie Ushman was born at Memorial Medical Center in Springfield, Illinois, with severe brain damage. She filed a complaint on November 24, 1986, by Cindy Ushman, her mother and next friend, alleging that defendant Memorial Medical Center negligently and carelessly administered the drug Marcaine to plaintiff's mother during labor, thereby proximately causing injuries to plaintiff. Along with the complaint, plaintiff filed an affidavit by Bruce N. Cook, plaintiff's counsel, pursuant to section 2–622(a)(3) of the Illinois Code of Civil Procedure (Code) (Ill. Rev. Stat. 1985, ch. 110, par. 2–622(a)(3)). In this affidavit, counsel stated that he had requested the perinatal records of plaintiff, including plaintiff's fetal heart monitor strips, more than 60 days prior to the filing of the affidavit, and that defendant had failed to produce the heart monitor strips.

On March 20, 1987, defendant Memorial Medical Center filed a motion to dismiss plaintiff's claim for failure to comply with the provisions of section 2–622(a)(3) of the Code (Ill. Rev. Stat. 1985, ch. 110, par. 2–622(a)(3)). Defendant Memorial Medical Center's motion to dismiss was supported by the statement of Memorial Medical Center personnel that attorney Bruce Cook's office was called on September 24, 1986, by Edna Matthews, director of medical records, explaining that the monitor strips could not be located. Defendant Memorial Medical Center's motion to dismiss stated that plaintiff's complaint was filed on November 24, 1986, and that plaintiff's counsel was informed that Memorial Medical Center did not have a fetal heart monitor strip for the plaintiff on or before September 24, 1986. Plaintiff has never filed any pleading disputing this notification. The motion alleged that plaintiff failed to file a certificate and written report within 90 days of September 24, 1986, the date the hospital informed plaintiff's counsel that the fetal heart monitor strip was unavailable, and that, consequently, plaintiff had not complied with section 2–622(a)(3) of the Code. Ill. Rev. Stat. 1985, ch. 110, par. 2–622(a)(3).

On June 30, 1987, the circuit court granted defendant's motion to dismiss plaintiff's complaint with prejudice.

■ The only issue presented for review is whether the trial court erred in dismissing plaintiff's complaint for failure to comply with the provisions of section 2–622(a)(3) of the Code.

The provisions of section 2–622 of the Code (Ill. Rev. Stat. 1985, ch. 110, par. 2–622) which are relevant to a resolution of this dispute are as follows:

"(a) In any action, whether in tort, contract or otherwise, in

which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice, the plaintiff's attorney or the plaintiff, if the plaintiff is proceeding pro se, shall file an affidavit, attached to the original and all copies of the complaint, declaring one of the following:

[1.] That the affiant has consulted and reviewed the facts of the case with a health professional who the affiant reasonably believes is knowledgeable in the relevant issues involved in the particular action and who practices in the same speciality as the defendant if the defendant is a specialist; that the reviewing health professional has determined in a written report, after a review of the medical record and other relevant material involved in the particular action that there is a reasonable and meritorious cause for the filing of such action; and that the affiant has concluded on the basis of the reviewing health professional's review and consultation that there is a reasonable and meritorious cause for filing of such action. *** A copy of the written report, clearly identifying the plaintiff and the reasons for the reviewing health professional's determination that a reasonable and meritorious cause for the filing of the action exists, must be attached to the affidavit, but information which would identify the reviewing health professional may be deleted from the copy so attached.
***

[3.] That a request has been made by the plaintiff or his attorney for examination and copying of records pursuant to Part 20 of Article VIII of this Code and the party required to comply under those Sections has failed to produce such records within 60 days of the receipt of the request. If an affidavit is executed pursuant to this paragraph, the certificate and written report required by paragraph 1 shall be filed within 90 days following receipt of the requested records.
* * *

(g) The failure to file a certificate required by this Section shall be grounds for dismissal under Section 2—619."

On appeal, plaintiff contends that she complied with both the letter and the spirit of section 2—622 of the Code (Ill. Rev. Stat. 1985, ch. 110, par. 2—622), and that, consequently, her complaint should not have been dismissed with prejudice. Defendant contends that the plaintiff's failure to comply with section 2—622 mandated dismissal, with prejudice, under section 2—619. (Ill. Rev. Stat. 1985, ch. 110, pars. 2—622, 2—619.) Defendant points out that section 2—622(g) of

the Code provides that "[t]he failure to file a certificate required ***
shall be grounds for dismissal under Section 2—619" (Ill. Rev. Stat.
1985, ch. 110, par. 2—622(g)) and asserts that dismissals under section
2—619 are inherently dismissals with prejudice (Ill. Rev. Stat. 1985,
ch. 110, par. 2—619).

The Illinois Supreme Court recently decided the issue of whether
section 2—622(g) of the Code (Ill. Rev. Stat. 1985, ch. 110, par. 2—
622(g)) mandates dismissal with prejudice in *McCastle v. Sheinkop*
(1987), 121 Ill. 2d 188. The supreme court determined from the record
in *McCastle* that while the record was not entirely clear, the trial
court apparently believed that dismissal with prejudice was statutorily
required. There, the Illinois Supreme Court reviewed the legislative
history of section 2—622 (Ill. Rev. Stat. 1985, ch. 110, par. 2—622),
and concluded that the legislature did not intend to require dismissal
with prejudice pursuant to that provision. The supreme court stated
that requiring section 2—622 dismissals be with prejudice "would be a
triumph of form over substance. It would elevate a pleading require-
ment designed to reduce frivolous lawsuits into a substantive defense
forever barring plaintiffs who initially fail to comply with its terms."
(*McCastle v. Sheinkop*, 121 Ill. 2d at 193.) Thus, the court held that
the decision whether to grant leave to amend the pleadings is within
the sound discretion of the trial court and that section 2—622 does
not require dismissal with prejudice. The supreme court also noted,
however, that while this decision is within the sound discretion of the
court, it will not hesitate to overturn the trial court's determination
where there has been a manifest abuse of discretion. (*McCastle v.
Sheinkop*, 121 Ill. 2d at 194.) As the trial court in *McCastle* appar-
ently proceeded under the erroneous belief that it did not have discre-
tion and that section 2—622 of the Code (Ill. Rev. Stat. 1985, ch. 110,
par. 2—622) required dismissal with prejudice, the court's dismissal
order was vacated and the cause remanded for further consideration.

■ In the instant case, the record presented on appeal does not
affirmatively indicate whether or not the trial court thought it had
discretion in determining whether or not the dismissal of plaintiff's
complaint should be with prejudice. The relevant statute is not clear
on this point, and the trial court did not have the benefit of the su-
preme court's recent opinion in *McCastle* when it rendered its deci-
sion. Under these circumstances, we deem it likely that the court was
not aware that it had discretion in this matter. Because there is a
strong possibility that the trial court acted under the misapprehension
that it did not have discretion in determining whether the dismissal
was to be with prejudice, we conclude that the cause must be re-

manded for further consideration consistent with the views expressed in this opinion and the opinion of the Illinois Supreme Court in *Mc-Castle.*

For the reasons stated herein, the dismissal order is hereby vacated, and the cause is remanded.

Order vacated, cause remanded.

GREEN, P.J., and McCULLOUGH, J., concur.