MARCOS ESPEDIDO *et al.*, for and on behalf of themselves and Elizabeth Espedido, their minor child, Plaintiffs-Appellees, v. ST. JOSEPH HOSPITAL *et al.*, Defendants-Appellants.

Second District   Nos. 2—87—0790, 2—87—0804, 2—87—0810, 2—87—0825, 2—87—0848 cons.

Opinion filed July 13, 1988.

Richard A. Barrett, Jr., of Cassiday, Schade & Gloor, of Wheaton, and Michael J. Gallagher, of Cassiday, Schade & Gloor, of Chicago, for appellant Isabello Lim.

James T. Ferrini, Helen M. Ryan, Elizabeth A. Walter, and Thomas H. Ryerson, all of Clausen, Miller, Gorman, Caffrey & Witous, P.C., of Chicago (Edward M. Kay, of counsel), for appellant Kuo-Chung Sun.

Adrianna K. Liber, of O'Reilly, Cunningham, Norton & Mancini, of Wheaton, for appellant Horng Yang Fang.

Bruce S. Terlep and Robert A. Strelecky, both of Wildman, Harrold, Allen & Dixon, of Wheaton, for appellant Bharti Belani.

David P. Meyer, Stephen R. Swofford, and Adam S. Kreuzer, all of Hin-

shaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago, for appellants St. Joseph Hospital and Sally Rhymes.

No brief filed for appellees.

JUSTICE NASH delivered the opinion of the court:

In these consolidated cases, defendants in this medical malpractice action appeal from an order of the circuit court vacating its earlier order which had dismissed plaintiff's complaint with prejudice, as to each defendant, for failure to attach an attorney's affidavit and physician's report, as is required by section 2—622 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, pars. 2—622(a)(1), (a)(2)), and granted plaintiffs' motion for voluntary dismissal pursuant to section 2—1009 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—1009). Defendants raise these issues: (1) whether the trial court lacked jurisdiction under *Elg v. Whittington* (1987), 119 Ill. 2d 344, 518 N.E.2d 1232, to consider plaintiffs' motions to vacate the dismissal order and for voluntary dismissal of the complaint; (2) whether the court abused its discretion in vacating its order dismissing the complaint with prejudice; and (3) whether plaintiffs were entitled to voluntary dismissal pursuant to section 2—1009 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—1009).

Plaintiffs have not filed a responsive appellee's brief in this court, and we consider these appeals under the standards set forth in *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 133, 345 N.E.2d 493.

On September 29, 1986, plaintiffs, Marcos and Rosalinda Espedido, filed a seven-count complaint on behalf of themselves and their minor child, Elizabeth, in which it was alleged that the negligence of defendants, St. Joseph Hospital, Dr. Kuo-Chung Sun, Dr. Isabello Lim, Dr. Bharti Belani, Dr. Horng Yang Fang, Sally Rhymes, R.N., and L. Lamontague, R.N., during the care and treatment of the minor's mother caused injury to the child at her birth on September 29, 1984. Plaintiffs alleged that defendants' negligence allowed a decreased amount of amniotic fluid and lack of oxygen to cause their child to suffer from hypotonia and delay in motor development for which the recovery of damages was sought by the parents and also for the child.

Plaintiff's counsel attached to the complaint his affidavit made pursuant to section 2—622(a)(2) of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—622(a)(2)), stating that he and his

cocounsel were not able to obtain a physician's report certifying that the action was reasonable and meritorious prior to the expiration of a statute of limitations. Under the provisions of section 2—622(a)(2), the affidavit gave plaintiffs a 90-day extension, until December 28, 1986, to file the required certificate.

On January 5, 1987, as no physician's certificate had been filed by plaintiffs within the extension period, the defendants moved to dismiss the complaint, with prejudice, pursuant to sections 2—622(g) and 2—619 of the Code of Civil Procedure. (Ill. Rev. Stat. 1985, ch. 110, pars. 2—622(g), 2—619.) These motions were heard on March 12, 1987, and, although duly notified, neither plaintiffs nor their counsel appeared at the hearing. (There is a message attached to the record directed to the motion judge, apparently from a deputy circuit clerk, stating that plaintiffs' attorneys were in San Francisco and would not be appearing at the hearing. The note advised the judge that plaintiffs were filing a motion for a voluntary nonsuit of the case, and that defendants would not agree to continue the hearing of their motions. Plaintiffs' attorneys wished the judge to know why there were absent and what was forthcoming.) In their similar motions to dismiss, the defendants urged that failure to file the physician's certificate required by section 2—622 mandated dismissal of the complaint, with prejudice, pursuant to section 2—619. Attached in support of defendants' motions were copies of a letter of opinion by a Du Page County judge in a similar case who had held that dismissal with prejudice was required. The trial court did on March 12 dismiss plaintiffs' complaint as to each defendant, with prejudice, finding also that there was no just cause to delay enforcement or appeal. 107 Ill. 2d R. 304(a).

On April 10, 1987, plaintiffs filed a motion to reconsider, vacate or set aside the orders dismissing their complaint. In it they stated that the minor plaintiff has been retarded since birth, and when plaintiffs were unable to obtain the requisite physician's consultation certificate within 90 days of filing suit, plaintiffs offered to voluntarily dismiss the action, without prejudice, under section 2—1009 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—1009), but defendants refused, and went forward with their motions to dismiss. Plaintiffs requested that the trial court vacate its orders dismissing with prejudice and dismiss the complaint without prejudice. Alternatively, plaintiffs requested leave of court to voluntarily dismiss the cause without prejudice pursuant to section 2—1009.

In support of their motion, plaintiffs stated that there was no appellate precedent (at that time) determining whether a dismissal un-

der section 2—622 was to be with or without prejudice and the circuit court letter of opinion in another case, cited by defendants, did not involve a minor. Plaintiffs also noted that the part of the action brought on behalf of the minor child could have been brought by that plaintiff for up to two years after reaching her majority under section 13—212 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 13—212), and that it would be inequitable to dismiss her action with prejudice when the minor child could have elected to wait several years to bring it. Plaintiffs argued that defendants should not be placed in any better position than if the complaint had not yet been filed.

Defendant Horng Yang Fang filed a response to plaintiffs' motion to reconsider the March 12 dismissal of the complaint, noting that the requisite certificate and physician's report had not yet been filed and asserting that the complaint was properly dismissed with prejudice. This defendant agreed that the minor plaintiff could have waited until two years after reaching her majority to bring the action, but elected not to do so; that the decision to file her cause of action now was entirely within plaintiffs' control and she had a duty to diligently prosecute her claim. This defendant asserted that plaintiff sought an order to invoke section 13—212 in order to gain 18 additional years to bring her action, which would unjustly prejudice defendant. In response to plaintiffs' alternate request to voluntarily dismiss the complaint without prejudice under section 2—1009, defendant argued that the hearing of the motions to dismiss for failure to comply with section 2—622 constituted a "hearing" under section 2—1009 which bars plaintiffs from voluntarily and unilaterally dismissing their action. Ill. Rev. Stat. 1985, ch. 110, par. 2—1009(a).

Plaintiffs' attorney, Michael T. Hannafan, appeared at the April 22, 1987, hearing of the motion to reconsider and vacate and acknowledged to the court that he had no excuse for not being present on March 12 when the complaint was dismissed. Counsel advised the court the case had been referred to his two-lawyer office by Ohio counsel shortly before the limitations period was to expire. They had consulted some physicians during the 90-day extension period, and later, but were not able to find a physician to execute the certificate. Counsel stated plaintiffs did not yet have a physician's certificate and did not know whether one could ever be obtained. When he learned, however, that the complaint had been dismissed with prejudice, particularly as to the child whose limitation period would ordinarily extend beyond reaching her majority, attorney Hannafan considered plaintiffs should seek a dismissal without prejudice.

In granting plaintiffs' motion to vacate the March 12 order dismissing their complaint with prejudice, the trial court noted that the motion was filed within 30 days of the entry of the March 12 order, and that plaintiffs' counsel admitted he had "goofed" in not appearing at that hearing. The court also gave consideration to the fact one plaintiff was a two-year-old minor and concluded that it would serve substantial justice to allow plaintiffs' motions. The court vacated the March 12, 1987, order dismissing plaintiffs' complaint with prejudice, granted leave to plaintiffs to file their section 2—1009 motion to dismiss without prejudice, and granted that motion. Defendants appeal.

■ A voluntary dismissal pursuant to section 2—1009 of the Code of Civil Procedure is a final and appealable order (*Swisher v. Duffy* (1987), 117 Ill. 2d 376, 379, 512 N.E.2d 1207; *Kahle v. John Deere Co.* (1984), 104 Ill. 2d 302, 307, 472 N.E.2d 787), and this court has jurisdiction to consider the merits of these appeals.

■ We consider first defendant Lim's contention that the trial court lacked authority on April 22, 1987, to consider and act upon plaintiffs' motions to reconsider and vacate the March 12 order dismissing the complaint. Defendant argues that, as on March 12 the trial court had found there was no just reason to delay enforcement or appeal of its order pursuant to Supreme Court Rule 304(a), the circuit court was divested of jurisdiction 30 days after entry of the order, citing *Elg v. Whittington* (1987), 119 Ill. 2d 344, 518 N.E.2d 1232.

Defendants' argument is without merit. In *Elg v. Whittington* the court held that the 30-day period of time within which a notice of appeal must be filed in order to appeal under Supreme Court Rule 304(a) (107 Ill. 2d R. 304(a)) from a final judgment that did not dispose of the entire action commences to run on the date the trial court makes a finding that there is no just reason to delay enforcement or appeal under that rule and is not tolled by the timely filing of a motion to reconsider the judgment. (*Elg*, 119 Ill. 2d at 351.) That case dealt with the appealability of a final judgment as to one or more, but fewer than all, of the parties or claims in the action under Rule 304(a). Neither the special finding of the trial court in the present case, nor rule of law announced in *Elg v. Whittington*, applies here, where the March 12 judgment was a final order disposing of the entire case. (See 107 Ill. 2d R. 303(a); Ill. Rev. Stat. 1985, ch. 110, pars. 2—1203(a), (b).) In addition, the supreme court determined that *Elg* is not to be retroactively applied and would affect only those cases in which the notice of appeal was filed, or due to be filed, on or after November 16, 1987. (*Elg v. Whittington*, 119 Ill. 2d

at 359.) These appeals were filed prior to that date.

■ Defendants contend next that the trial court abused its discretion when it vacated the order which had dismissed plaintiffs' complaint with prejudice. They argue that because plaintiffs did not timely file the attorney's affidavit and physician's report required by section 2—622 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—622) and had not done so by March 12, 1987, when their complaint was dismissed, that it is established that plaintiffs' case was not meritorious and defendants had a right to have the litigation terminated with prejudice. Defendants assert that the purpose of the Healing Art Malpractice Act (Ill. Rev. Stat. 1985, ch. 110, par. 2—622) is to relieve the burdens of the health professions by deterring the filing of such frivolous suits and to eliminate them on the merits at the pleading stage. It is argued that the trial court could not properly vacate its order dismissing plaintiffs' complaint with prejudice absent some legitimate and meritorious reason to do so (see *Buchanan v. Stephens* (1940), 304 Ill. App. 477, 479, 26 N.E.2d 733; *George William Hoffman & Co. v. Capital Services Co.* (1981), 101 Ill. App. 3d 487, 494, 428 N.E.2d 600) and that as plaintiffs sought vacation simply to voluntarily dismiss their action as they could not obtain the necessary report, the trial court abused its discretion in doing so. Defendants also argue in their briefs, as they did in the trial court, that the legislature intended that failure to comply with section 2—622 requires dismissal of plaintiffs' complaint with prejudice.

On motion filed within 30 days of its entry, a circuit court may vacate any final judgment upon terms and conditions deemed reasonable. (Ill. Rev. Stat. 1985, ch. 110, pars. 2—1203, 2—1301(e).) Whether such a motion should be granted lies within the sound discretion of the court (*Douglas v. Walter* (1986), 147 Ill. App. 3d 1070, 1075, 498 N.E.2d 913) and will not be regarded as an abuse of discretion if vacation of the judgment promotes substantial justice between the parties. (*Teitelbaum v. Reliable Welding Co.* (1982), 106 Ill. App. 3d 651, 659, 435 N.E.2d 852; *Blackhawk Pontiac Sales, Inc. v. Orr* (1980), 84 Ill. App. 3d 456, 459, 405 N.E.2d 499, *appeal denied* (1980), 81 Ill. 2d 589.) The movant on a motion to vacate a judgment carries the burden of establishing sufficient grounds to do so. *Kosten v. St. Anne's Hospital* (1985), 132 Ill. App. 3d 1073, 1080, 478 N.E.2d 464.

■ Since entry of the April 22, 1987, order vacating dismissal of plaintiffs' complaint with prejudice, and the filing of defendants' briefs on appeal, our supreme court has considered section 2—622(g)

of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—622(g)) and has determined that the legislature did not intend to require dismissal with prejudice for an attorney's failure to initially comply with its provisions. (*McCastle v. Sheinkop* (1987), 121 Ill. 2d 188, 520 N.E.2d 293.) The court observed that a perceived requirement that such dismissals be with prejudice "would be a triumph of form over substance. It would elevate a pleading requirement designed to reduce frivolous lawsuits into a substantive defense forever barring plaintiffs who initially fail to comply with its terms." (*McCastle v. Sheinkop*, 121 Ill. 2d at 193.) In that case, it was apparent the trial court considered that it had no discretion to dismiss the complaint without prejudice for failure to comply with section 2—622, and the dismissal order was therefore vacated and the cause remanded for further consideration. See also *Ushman v. Sterling Drugs, Inc.* (1988), 166 Ill. App. 3d 726, 521 N.E.2d 313.

■ In the present case, because of what we perceive to be inexcusable conduct on the part of plaintiffs' counsel for failing to appear at the March 12 hearing of defendants' motions to dismiss the complaint, that matter was considered and ruled upon by the trial court based upon defendants' representations that dismissal with prejudice was required in the case. However, after consideration of plaintiffs' timely motion to reconsider and to vacate its order, the trial judge, in the exercise of his discretion, saw the matter differently. The court then vacated its earlier order and the case again stood before the court on plaintiffs' complaint, defendants' now unresolved motions to dismiss it and plaintiffs' pending motion for leave to file a motion pursuant to section 2—1009 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—1009) to voluntarily dismiss their complaint without prejudice.

In these circumstances, we do not consider that the trial court abused its discretion in vacating the March 12 order which had dismissed the complaint with prejudice. The court considered that plaintiffs' attorney had not diligently followed their case, and was particularly mindful of the effect of its initial order on the right of the minor plaintiff to otherwise pursue the action to adulthood. We agree that the decision to vacate tended to promote substantial justice between these parties. It placed both plaintiffs and defendants in the same position each occupied prior to dismissal, *i.e.*, plaintiffs were still obliged to meet the requirements of section 2—622 in order to proceed with the case or could cause it to be voluntarily dismissed under the terms of section 2—1009 of the Code of Civil Procedure; defendants were secured by the fact the case could not proceed

against them without compliance by plaintiffs with section 2—622. The decision to vacate the prior dismissal also corrected the skewing of the purposes of section 2—622 when initially applied so as to remove the normal limitations period afforded to minors by the General Assembly. See Ill. Rev. Stat. 1985, ch. 110, pars. 13—211, 13—212, 13—217.

■■ ■ Defendants contend next that under Supreme Court Rule 273 (107 Ill. 2d R. 273) the involuntary dismissal of plaintiffs' complaint pursuant to sections 2—622(g) and 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, pars. 2—622(g), 2—619) was an adjudication on the merits of the case, and that plaintiffs were not entitled to a voluntary dismissal after judgment was entered against them. Defendants argue that the only basis upon which the trial court vacated the earlier final judgment dismissing plaintiffs' complaint with prejudice was to permit its voluntary dismissal, and that there is no basis for expansion of the voluntary dismissal procedures to post-judgment relief.

Defendants' argument is not entirely clear, and the cases cited in support do not do so. (See, *e.g.*, *People v. Flores* (1984), 104 Ill. 2d 40, 470 N.E.2d 307; *O'Connell v. St. Francis Hospital* (1986), 112 Ill. 2d 273, 492 N.E.2d 1322; *Agran v. Checker Taxi Co.* (1952), 412 Ill. 145, 105 N.E.2d 713.) It appears likely in this case that the trial court dismissed plaintiffs' complaint with prejudice at the *ex parte* hearing on March 12, 1987, after being persuaded by defendants' arguments it must do so. When in the subsequent hearing on April 22, 1987, the court vacated its prior ruling, it is apparent that the judge then considered he had authority and discretion to do so. We have herein determined that under the circumstances presented the court did not abuse its discretion in the matter. Defendants' argument that the only basis for vacating the judgment was to permit voluntary dismissal under section 2—1009 of the Code of Civil Procedure does not give weight to the other factors considered by the trial court, *i.e.*, the dereliction of plaintiffs' counsel, who did not then appear to argue the other side of the issue at the May 12 hearing, and the fact that the original order would act to bar the minor plaintiff from the extended limitations period accorded to those under a disability by the General Assembly. Ill. Rev. Stat. 1985, ch. 110, pars. 13—211, 13—212, 13—217.

In addition, defendants appear to overlook the fact that it was not until after the trial court had exercised its discretion to vacate the order, in response to plaintiffs' timely post-judgment motion, that the matter of plaintiffs' motion to dismiss under section 2—1009

arose. When the court considered that matter there was pending before it only plaintiffs' complaint, the defendants' motions to dismiss it premised upon sections 2—622 and 2—619 of the Code of Civil Procedure, and plaintiffs' motion for voluntary dismissal under section 2—1009. It is established that a plaintiff's absolute right to voluntary dismissal without prejudice has been limited only by the requirement that it be exercised prior to commencement of a trial or hearing equivalent to a trial (*Kahle v. John Deere Co.* (1984), 104 Ill. 2d 302, 472 N.E.2d 787) and after a hearing on the merits of any pending motion to dismiss by a defendant under Supreme Court Rule 103(b) (107 Ill. 2d R. 103(b)) for lack of diligence in obtaining service of process. (*O'Connell v. St. Francis Hospital* (1986), 112 Ill. 2d 273, 492 N.E.2d 1322.) No other exceptions to plaintiff's right of voluntary dismissal have been interposed by our supreme court or the General Assembly. (*Gibellina v. Handley* (1987), 158 Ill. App. 3d 866, 868-69, 511 N.E.2d 884; *Kendle v. Village of Downers Grove* (1987), 156 Ill. App. 3d 545, 551, 509 N.E.2d 723; *Rohr v. Knaus* (1987), 153 Ill. App. 3d 1013, 1017, 506 N.E.2d 634.) It necessarily follows in the present case that upon vacating its earlier order, the trial court correctly granted plaintiff's motion to voluntarily dismiss its complaint under section 2—1009 of the Code of Civil Procedure.

■■ Defendants also contend that the hearing held on their motions to dismiss the complaint was a "hearing" for purposes of section 2—1009(a) of the Code of Civil Procedure, which provides that a plaintiff "at any time before trial or hearing begins" may dismiss his action without prejudice. It has been held that in the context of section 2—1009, a "hearing" is the equitable equivalent of a trial (*Kahle v. John Deere Co.* (1984), 104 Ill. 2d 302, 309, 472 N.E.2d 787) and does not commence until the parties begin to present evidence and arguments in order to achieve an ultimate determination of their rights. (*Bailey v. State Farm Fire & Casualty Co.* (1985), 137 Ill. App. 3d 155, 158, 484 N.E.2d 522, *appeal denied* (1986), 111 Ill. 2d at 566; *In re Marriage of Fine* (1983), 116 Ill. App. 3d 875, 879, 452 N.E.2d 691.) In the present case the "hearing" upon which defendants rely related to the procedural pleading requirements set forth in section 2—622 of the Code of Civil Procedure and was not the equitable equivalent of a trial. (*Metcalfe v. St. Elizabeth's Hospital* (1987), 160 Ill. App. 3d 47, 49-50, 513 N.E.2d 12; *Heinz v. County of McHenry* (1984), 122 Ill. App. 3d 895, 461 N.E.2d 672; *Hale v. Ault* (1980), 83 Ill. App. 3d 78, 403 N.E.2d 634.) As plaintiffs had an absolute right to the voluntary dismissal of their complaint without prejudice, the trial court did not err in so ordering.

The motions by defendants that the judgment of the trial court be reversed on the record and briefs filed by defendants were ordered taken with the case and will now be denied.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

INGLIS and UNVERZAGT, JJ., concur.