LORI JEAN DAY, Plaintiff-Appellant, v. JOHN CURTIN, Defendant-Appellee.

First District (5th Division)   No. 1—88—1596

Opinion filed December 15, 1989.

Michael W. Rathsack, of Chicago (Louis S. Goldstein and Cindy G. Flux-gold, of counsel), for appellant.

Wildman, Harrold, Allen & Dixon, of Chicago (Helaine Wachs Heyde-mann and JoAnne Smith Johnston, of counsel), for appellee.

JUSTICE LORENZ delivered the opinion of the court:

Plaintiff, Lori Jean Day, appeals from an order denying her motion to vacate the dismissal of her complaint. We address the issue of whether the trial judge abused her discretion. For the following reasons, we affirm.

Plaintiff filed a three-count complaint for medical malpractice against defendant, John Curtin, M.D., and two other defendants. The counts against the two other defendants were dismissed on December 30, 1985, and March 5, 1986. The remaining count of the complaint was directed against defendant. Plaintiff alleged that defendant treated her on a continuing basis through January of 1984.

Defendant filed a motion to dismiss pursuant to section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—619) arguing that plaintiff's cause of action was time barred under section 13—212(a) of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 13—212(a)), which provides that a lawsuit against a physician cannot be brought more than four years after the alleged negligent treatment. In support of the motion, defendant submitted his affidavit stating that the last time he "saw, treated or was in any way consulted with respect to the care or treatment of plaintiff *** was April 2, 1980." Defendant also filed the affidavit of Sandy Dunworth, who was clinic coordinator for the medical center that plaintiff visited. She searched the records of the clinic and found there was no

indication that defendant saw plaintiff after April 2, 1980. Also, Dunworth had no personal recollection of plaintiff visiting the clinic after that date. Because plaintiff's complaint was filed on August 14, 1985, more than five years after the last date of treatment, defendant argued it should be dismissed with prejudice.

Plaintiff did not file a response to the motion to dismiss and did not file any opposing affidavits. Although plaintiff's attorney had notice of the motion, he did not appear at the hearing on July 10, 1986. Defendant's counsel stated on the record that plaintiff's counsel was present in the courtroom earlier that day and told him that " 'I still haven't been able to find anything to indicate that there was any treatment after the date that [plaintiff] has sworn in her affidavit is the last date that [defendant] treated [her].' " However, plaintiff did not file an affidavit in opposition to the motion. The trial judge granted defendant's motion to dismiss the complaint with prejudice.

Within 30 days, on August 7, 1986, plaintiff filed a motion to vacate and attached a copy of plaintiff's affidavit dated February 15, 1986, which was prior to the date the complaint was dismissed. In her affidavit, plaintiff stated that defendant "rendered treatment" to her and "examined" her on January 18, 1984. Also on that date, defendant referred her to another physician.

Plaintiff's motion to vacate was scheduled for hearing on November 20, 1986. On that date, the parties agreed to enter and continue the hearing until February 18, 1987. However, the record does not contain an order entered on February 18, 1987. Defendant argues, and plaintiff does not dispute, that plaintiff failed to reschedule the motion for February 18, 1987, and as a result, it did not appear on the motion call for that day. In their briefs, both parties agree that plaintiff refiled her motion to vacate on November 5, 1987, but that motion was not included in the record.

No action occurred on plaintiff's motion to vacate until it was rescheduled for hearing on April 20, 1988, which was more than one year after the last scheduled hearing date and almost two years since the dismissal order was entered. After hearing the parties' arguments, the trial judge noted that plaintiff's affidavit was available or could have been available on the date defendant's motion to dismiss was heard. Because plaintiff was not reasonably diligent in presenting the affidavit, the court found there was no reason to vacate the dismissal. Plaintiff's motion to vacate was denied. Within 30 days, plaintiff filed an emergency motion to reconsider the denial of plaintiff's motion to vacate. The motion was heard on May 20, 1988, and denied. Plaintiff filed a notice of appeal the same day.

OPINION

■■ Motions to vacate judgments which are filed within 30 days are governed by section 2—1301(e) of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—1301(e)). Section 2—1301(e) provides:

> "The court may in its discretion, before final order or judgment, set aside any default, and may on motion filed within 30 days after entry thereof set aside any final order or judgment upon any terms and conditions that shall be reasonable." (Ill. Rev. Stat. 1985, ch. 110, par. 2—1301(e).)

The moving party has the burden of establishing sufficient grounds to vacate a judgment. (*Espedido v. St. Joseph Hospital* (1988), 172 Ill. App. 3d 460, 526 N.E.2d 664.) The trial court's decision to grant or deny a motion to vacate is discretionary and will not be reversed on appeal unless that discretion has been abused. (*Espedido*, 172 Ill. App. 3d 460, 526 N.E.2d 664; *Zanzig v. H.P.M. Corp.* (1985), 134 Ill. App. 3d 617, 480 N.E.2d 1204; *Meneghen v. Calumet Development Corp.* (1974), 19 Ill. App. 3d 997, 313 N.E.2d 279; see *Foutch v. O'Bryant* (1984), 99 Ill. 2d 389, 459 N.E.2d 958.) A ruling on a motion to vacate must be reversed if the movant's right to fundamental justice is violated. *Zanzig*, 134 Ill. App. 3d 617, 480 N.E.2d 1204; *Chandler v. Jet Air Freight, Inc.* (1977), 54 Ill. App. 3d 1005, 370 N.E.2d 95.

■■ ■ On appeal, plaintiff argues that the trial court should have granted her motion to vacate because her affidavit would have defeated defendant's motion to dismiss. Plaintiff does not otherwise challenge the propriety of the dismissal order.

In arguing that her motion to vacate was improperly denied, plaintiff contends the present situation is equivalent to the entry of a default judgment because plaintiff failed to appear at the hearing on defendant's motion to dismiss. Citing *Heller Financial, Inc. v. Christopher La Salle & Co.* (1988), 168 Ill. App. 3d 852, 523 N.E.2d 41, plaintiff argues that for this court to reverse the trial judge's denial of her motion to vacate, it is not necessary to find the trial judge abused her discretion. *Heller* relied on *Patrick v. Burgess-Norton Manufacturing Co.* (1976), 63 Ill. 2d 524, 349 N.E.2d 52, where the supreme court stated the standard of review for a motion to vacate a default judgment did not require a finding that the trial court abused its discretion.

Despite plaintiff's argument, the present case is not the equivalent of a default judgment. The record established that rather than dismiss plaintiff's complaint for failure to appear at the hearing, the trial judge dismissed the complaint after consideration of the merits of defendant's motion to dismiss. Further, the supreme court in

*Foutch* (99 Ill. 2d 389, 459 N.E.2d 958), which was on review from a motion to vacate a judgment entered after an *ex parte* hearing, indicated that the standard of review from a motion to vacate a judgment was whether the trial court abused its discretion. The court in *Foutch* found that because there was no transcript of the hearing in the record, it could not find the trial court abused its discretion.

"A motion to vacate is properly denied when the evidence was in the movant's possession and could have been presented prior to judgment." (*Kosten v. St. Anne's Hospital* (1985), 132 Ill. App. 3d 1073, 1080, 478 N.E.2d 464, 469.) Although *Kosten* involved a motion to vacate summary judgment, the principle is equally applicable here. In the present case, plaintiff's motion to vacate the dismissal relied on plaintiff's affidavit which was not presented at the hearing on defendant's motion to dismiss although it was dated several months earlier. When plaintiff's motion to vacate was eventually heard almost two years after it was filed, the trial judge denied the motion because the affidavit did not constitute new evidence. The affidavit could have been brought to the trial judge's attention prior to the entry of judgment. Accordingly, the trial judge properly exercised her discretion when she denied plaintiff's motion to vacate.

Additionally, both parties argue whether or not the delay in scheduling plaintiff's motion to vacate for almost two years was proper grounds for the trial judge's denial of the motion. Under Rule 184 of the supreme court rules, either plaintiff or defendant could have scheduled plaintiff's motion for hearing (107 Ill. 2d R. 184); however, under the local rules of Cook County, the burden of scheduling the motion was on plaintiff as the movant (Cook County Cir. Ct. R. 2.3 (effective July 1, 1976)). Plaintiff's failure to schedule the motion for hearing within 90 days of filing gave the trial judge the discretion to deny the motion as a result of the delay. (Cook County Cir. Ct. R. 2.3 (effective July 1, 1976); *Marshall E. Winokur, Ltd. v. Shane* (1980), 89 Ill. App. 3d 551, 411 N.E.2d 1142.) Although the trial judge did not rely on Rule 2.3 in denying plaintiff's motion to vacate, it is further support for finding that she did not abuse her discretion.

Affirmed.

PINCHAM* and COCCIA, JJ., concur.

---

*Justice Pincham participated in the decision prior to his resignation.