KAREN HILL, Plaintiff-Appellant, v. JAY JONES, Indiv. and d/b/a Arabesque Farms, Defendant-Appellee.

First District (4th Division) No. 1—88—2709

Opinion filed May 10, 1990.

McMORROW, P.J., dissenting.

Terrence J. Tyksinski, of Chicago (Robert Handelsman, of counsel), for appellant.

Deborah Gaynor Haspel, of Artery & Haspel, of Northbrook, for appellee.

JUSTICE JIGANTI delivered the opinion of the court:

The trial court granted the defendant's motion for summary judgment. The plaintiff subsequently sought to vacate the grant of summary judgment and amend the pleadings. The trial court denied the plaintiff's motion. This appeal questions the power and discretion of the trial court to deny the plaintiff's motion to vacate the judgment and amend the pleadings.

The plaintiff, Karen Hill, a minor, was employed as a caretaker of horses by the defendant, Jay Jones, at his horse farm, Arabesque Farms. While Hill was so employed, Ansata El Emir, an Arabian stallion, bit Hill. Based on this incident, Hill filed a one-count complaint against Jones and Arabesque Farms, alleging, pursuant to the Animal Control Act (Ill. Rev. Stat. 1985, ch. 8, par. 366), that the defendant had failed to warn her of the known vicious propensities of the horse. In the two years following the filing of the complaint, the parties took the following procedural steps: the defendant filed an answer, an affirmative defense, and a set of interrogatories; the plaintiff, her mother, and Jay Jones submitted to depositions; the trial court denied the defendant's first summary judgment motion, which was grounded in the theory that the plaintiff had assumed the risk and was therefore barred from recovery.

On May 6, 1988, the defendant filed a second motion for summary judgment. The defendant based this motion on the case of *Harris v. Walker* (1988), 119 Ill. 2d 542, 519 N.E.2d 917, which the Illinois Supreme Court had decided in February of 1988. In *Harris*, the supreme court ruled that the Animal Control Act does not apply to persons who, through their relationship with an animal's owner, know of the risk an animal poses to them. Based on *Harris*, the trial court granted the defendant's summary judgment motion. At the hearing on the defendant's motion the plaintiff made an oral request for leave to file an amended complaint which the court denied. Within 30 days of the trial court's ruling, the plaintiff filed a written motion to vacate the summary judgment and allow leave to file an amended complaint. In this motion the plaintiff proposed two causes of action "quite apart from her statutory cause of action under the Animal Control Act." Attached to the motion was a two-count complaint in which the plaintiff alleged negligence and fraud. The trial court denied the plaintiff's motion, and from that order she appeals.

■ The plaintiff's initial argument on appeal is that the oral request for leave to amend the pleadings that she made before the court's ruling at the hearing on the defendant's motion for summary judgment brings her within the boundaries of section 2—616(a) of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—616(a)). Section 2—616(a) provides:

> "At any time before final judgment amendments may be allowed on just and reasonable terms ***." (Ill. Rev. Stat. 1985, ch. 110, par. 2—616(a).)

While there is a record of the plaintiff's oral request, there is no evidence that the plaintiff provided the court with the proposed amendment at the time of her oral motion or gave any specific indication to the court of the contents of the proposed amendment. The trial judge need not presume that a proposed amendment will be a proper one. Without a record of any reasons or facts that the plaintiff may have presented to the trial judge as a basis for requesting a favorable ruling on the motion to amend, we cannot say that the trial court abused its discretion in denying the plaintiff's oral motion. See *Intini v. Schwartz* (1979), 78 Ill. App. 3d 575, 397 N.E.2d 84.

■ In the alternative, the plaintiff argues that under section 2—1005(g) of the Illinois Code of Civil Procedure, she has an absolute right to amend her pleadings before or after the entry of a summary judgment. Section 2—1005(g) provides:

> "Before or after the entry of a summary judgment, the court shall permit pleadings to be amended upon just and reasonable terms." (Ill. Rev. Stat. 1985, ch. 110, par. 2—1005(g).)

In response to the plaintiff's argument, the defendant maintains that section 2—1005(g) of the Code of Civil Procedure cannot be construed to countermand section 2—616(c). Section 2—616(c) provides:

> "A pleading may be amended at any time, before or after judgment, to conform the pleadings to the proofs, upon terms as to costs and continuance that may be just." (Ill. Rev. Stat. 1985, ch. 110, par. 2—616(c).)

The defendant's conclusion is that after summary judgment has been granted, the plaintiff may amend the pleadings only to conform the pleadings to the proofs.

To support his argument, the defendant cites *Wells v. Great Atlantic & Pacific Tea Co.* (1988), 171 Ill. App. 3d 1012, 525 N.E.2d 1127, in which the court sought to reconcile the two sections. The *Wells* court reasoned that when taken together, sections 2—616(c) and 2—1005(g) stand for the proposition "that before or after a grant of summary judgment, but before the summary judgment becomes final,

the court shall permit pleadings to be amended upon just and reasonable terms." (*Wells*, 171 Ill. App. 3d at 1020, 525 N.E.2d at 1132.) The *Wells* court concluded that after summary judgment is final, the only permissible amendments are those that conform the pleadings to the proofs.

In the case of *Loyola Academy v. S&S Roof Maintenance, Inc.* (1990), 198 Ill. App. 3d 799, this court recently questioned the analysis of the *Wells* court. As we noted in *Loyola*, the Code of Civil Procedure is to be liberally construed "to the end that controversies may be speedily and finally determined according to the substantive rights of the parties." (Ill. Rev. Stat. 1985, ch. 110, par. 1—106.) Standing alone, section 2—616(c) limits amendments to pleadings after final judgment to those amendments that conform the pleadings to the proofs. In the present case, the court had granted summary judgment to the defendants before the plaintiff filed a written motion for leave to amend the pleadings. Nevertheless, we do not believe that the plaintiff is therefore limited to amendments that conform the pleadings to the proofs. As we pointed out in *Loyola*, it is our view that the discretionary power of the court under section 2—1005(g), to permit amendments upon just and reasonable terms, implicates the power of the court to vacate final judgments, under sections 2—1203 and 2—1301(e) of the Code of Civil Procedure. (See Ill. Rev. Stat. 1985, ch. 110, pars. 2—1203, 2—1301(e).) The court has the discretion to vacate a judgment when doing so promotes substantial justice between the parties. (*Espedido v. St. Joseph Hospital* (1988), 172 Ill. App. 3d 460, 526 N.E.2d 664.) Vacating the summary judgment removes the final judgment impediment of section 2—616(c) so that amendments for just and reasonable terms may be allowed. (See *Ruklick v. Julius Schmid, Inc.* (1988), 169 Ill. App. 3d 1098, 523 N.E.2d 1208.) In the present case, the court, in the interest of promoting justice between the parties, had the necessary power to vacate the summary judgment and allow the plaintiff to amend the pleadings upon just and reasonable terms. See *Siebert v. Continental Oil Co.* (1987), 161 Ill. App. 3d 891, 515 N.E.2d 728.

■ Contrary to the plaintiff's assertion, however, section 2—1005(g) does not give her an absolute right to amend her complaint after summary judgment. (*Ruklick*, 169 Ill. App. 3d at 1113, 523 N.E.2d at 1217.) Rather, the decision to vacate a judgment and permit further amendment rests within the sound discretion of the trial court. (*Edwards v. University of Chicago Hospitals & Clinics* (1985), 137 Ill. App. 3d 485, 484 N.E.2d 1100.) As we stressed in *Loyola*, the court, in determining whether to allow an amendment to the plead-

ings, must necessarily consider the stage of the proceedings at the time the movant brings the proposed amendment. See *Able v. Pure Oil Co.* (1972), 8 Ill. App. 3d 558, 290 N.E.2d 331.

Upon reaching the summary judgment stage of the proceedings, the court has moved from an examination of the sufficiency of the pleadings, through the discovery stage, to a determination of whether there are material issues of fact to advance to a full trial. (See *Janes v. First Federal Savings & Loan Association* (1974), 57 Ill. 2d 398, 312 N.E.2d 605.) Presumptively, at the time of the hearing on the motion for summary judgment, the parties are aware of the significant facts and law which apply to the case. The hearing on the motion is an important, potentially dispositive stage of the proceeding. Consequently, the parties have a responsibility before the hearing to make known to the trial judge the significant matters of which they are aware. Accordingly, motions to amend the pleadings which the movant could have anticipated should be made before the court reaches the summary judgment stage. In proposing amendments to the pleadings at the hearing on the summary judgment motion, or after the summary judgment has been granted, the movant increases the likelihood of prejudice to the opposing party and burden to the court. (3 R. Michael, Illinois Civil Procedure §26.2 (1989).) It is not appropriate practice for the parties to engage in piecemeal litigation—seeing one theory of the case to conclusion before proposing another. See *Powers v. National Mirror Works* (1977), 52 Ill. App. 3d 592, 367 N.E.2d 763.

■ In arguing that her amended pleading should be allowed, the plaintiff refers to *Ruklick v. Julius Schmid, Inc.*, as a case that is on "all fours" with her own. However, the *Ruklick* decision revolved around proper pleading. In *Ruklick*, the plaintiff's complaint had been dismissed on statute of limitations grounds. The *Ruklick* court found that the plaintiff should subsequently have been allowed to amend her pleadings, pursuant to section 2—612 (Ill. Rev. Stat. 1985, ch. 110, par. 2—612), to reflect additional specificity as to the date or discovery of her injury. We do not believe the plaintiff's case to be on "all fours" with *Ruklick*, because we do not view motions to substantially amend the pleadings after summary judgment with the same liberality that we view motions to amend the pleadings to be more specific after a complaint has been dismissed.

In the present case, the plaintiff is proposing to make significant changes to the pleadings after summary judgment has been granted. The plaintiff could have anticipated these amendments far earlier in the course of the litigation. As the plaintiff has offered no justification

for failing to propose her alternative theories at a more appropriate stage of the proceedings, we do not believe the trial court abused its discretion in denying the plaintiff leave to amend.

The judgment of the trial court is affirmed.

Affirmed.

JOHNSON, J., concurs.

PRESIDING JUSTICE McMORROW, dissenting:

I respectfully dissent for the reasons stated in my dissent in *Loyola Academy v. S&S Roof Maintenance, Inc.* (1990), 198 Ill. App. 3d 799. As in *Loyola*, the majority in the instant cause ostensibly recognizes the plaintiff's right to amend following summary judgment pursuant to section 2—1005(g) of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—1005(g)), but then eviscerates this right by imposing unprecedented and needlessly restrictive limitations on the circumstances in which the plaintiff's right to amend will be permitted. The majority creates a broad rule that "motions to amend the pleadings which the movant could have anticipated *should be* made before the court reaches the summary judgment stage." (198 Ill. App. 3d at 858.) (Emphasis added.) On this basis, the majority determines that the trial court properly denied plaintiff's request to amend following summary judgment because the "plaintiff could have anticipated [her] amendments far earlier in the course of the litigation" and has "offered no justification for [not] propos[ing] her alternative theories at a more appropriate stage of the proceedings." 198 Ill. App. 3d at 858-59.

The majority's ruling is contrary to Illinois precedent regarding requests to amend following summary judgment. (See *Siebert v. Continental Oil Co.* (1987), 161 Ill. App. 3d 891, 515 N.E.2d 728; *Ruff v. Northwestern Memorial Hospital* (1987), 159 Ill. App. 3d 811, 513 N.E.2d 7, relying upon *Kupianen v. Graham* (1982), 107 Ill. App. 3d 373, 377, 437 N.E.2d 774; see also *Wingate v. Camelot Swim Club, Inc.* (1990), 193 Ill. App. 3d 963.) As I stated in more detail in my dissent in *Loyola*, the decisions of *Siebert v. Continental Oil Co.* (1987), 161 Ill. App. 3d 891, 515 N.E.2d 728, *Ruff v. Northwestern Memorial Hospital* (1987), 159 Ill. App. 3d 811, 513 N.E.2d 7, and *Kupianen v. Graham* (1982), 107 Ill. App. 3d 373, 437 N.E.2d 774, are controlling authority that recognize the trial court's power to permit amendments, following a final order of summary judgment, to add

new causes of action or legal theories to those alleged in the plaintiff's original pleading.

Contrary to the arguments made by defendant on appeal, the courts of review in *Siebert* and *Ruff* did not limit the plaintiffs to amendments that conformed the pleadings to the proofs. The courts in *Siebert* and *Ruff* held that the plaintiffs should be permitted to allege new causes of action or legal theories on remand. Also, neither *Seibert, Ruff,* nor the plain language of section 2—1005(g) of the Code of Civil Procedure limits the opportunity to amend to instances where the court has entered only partial summary judgment. Consequently, I find defendant's contentions on appeal insufficient ground to affirm the trial court's ruling.

According to *Siebert, Ruff,* and *Kupianen,* the trial court's exercise of its discretion to allow amendment following summary judgment should be reviewed according to the following factors: " 'whether the proposed amendment would cure the defective pleading [citation]; whether other parties would sustain prejudice or surprise by virtue of the proposed amendment [citations]; the timeliness of the proposed amendment [citation]; and whether previous opportunities to amend the pleadings could be identified. [Citation.]' " (*Siebert,* 161 Ill. App. 3d at 895, quoting *Kupianen,* 107 Ill. App. 3d at 377.) Application of this established standard to the case at bar reveals that the trial court should have allowed plaintiff's motion for leave to file an amended complaint.

The facts of the instant case indicate that, upon consideration of these factors, the trial court should have allowed plaintiff's motion for leave to amend. Plaintiff's suit against defendant sought recovery under the Animal Control Act (Ill. Rev. Stat. 1987, ch. 8, par. 366 *et seq.*) for personal injuries allegedly suffered by plaintiff when she was attacked by defendant's horse. The trial court allowed defendant's summary judgment motion because an Illinois Supreme Court decision filed after plaintiff's suit was instituted necessitated the conclusion that plaintiff, as defendant's employee, could not recover under the Animal Control Act. (See *Harris v. Walker* (1988), 119 Ill. 2d 542, 510 N.E.2d 917.) Plaintiff requested leave to file an amended complaint at the court's hearing on defendant's summary judgment motion, but the trial court denied plaintiff's oral motion. Plaintiff thereafter filed a timely motion to vacate the summary judgment, supported by a motion for leave to file a proposed amended complaint in which plaintiff sought recovery based on common law negligence and fraud. The trial court denied these motions, and plaintiff appeals.

The first element, *i.e.,* whether the plaintiff's amendments over-

came the deficiency of her original pleading, favors the allowance of plaintiff's motion to vacate summary judgment and permit the filing of her amended complaint. Plaintiff's proposed amended complaint cures the defects in plaintiff's original pleading under the Animal Control Act, which was deficient because plaintiff, as defendant's employee, could not recover under that act. The proposed amended complaint is sufficient to state a claim for common law negligence and fraud notwithstanding plaintiff's status as defendant's employee. See, e.g., *HPI Health Care Services, Inc. v. Mt. Vernon Hospital, Inc.* (1989), 131 Ill. 2d 145, 165, 545 N.E.2d 672 (elements of fraud); *Forsyth v. Dugger* (1988), 169 Ill. App. 3d 362, 367, 523 N.E.2d 704 (elements of common law negligence action based upon injury caused by animal).

The remaining factors also favor allowance of plaintiff's motion for leave to file an amended complaint. The record shows that plaintiff promptly sought leave to amend at the court's summary judgment hearing. The record also indicates that plaintiff had not previously sought leave to amend her complaint. Permitting the motion to amend would not be unfairly prejudicial to defendant, who was actively involved in the litigation since its inception. The court in *Siebert* reasoned that " '[n]o prejudice or surprise could have resulted to the other parties since the case was still at the pleading stage. The proposed amendment was presented to the trial court at the time the motion to vacate was heard.' " (*Siebert*, 161 Ill. App. 3d at 896, quoting *Kupianen*, 107 Ill. App. 3d at 377.) The case at bar was also at the pleading stage, and, as in *Siebert*, "[n]o prejudice or surprise could have resulted to the other parties." (161 Ill. App. 3d at 896.) Also, in the case at bar, as in *Siebert* and *Kupianen*, "[d]espite the plaintiff's having had previous opportunities in the case *sub judice* to amend the complaint, the only just and reasonable approach now is to allow the plaintiff to amend the complaint." (*Siebert*, 161 Ill. App. 3d at 896.) Based upon *Siebert, Ruff,* and *Kupianen,* and in order to do substantial justice between the parties, the trial court should have allowed plaintiff leave to file an amended complaint.

The majority fails to apply the *Kupianen* factors to the case at bar. In place of the *Kupianen* factors, the majority creates a new, broad rule that "motions to amend the pleadings which the movant could have anticipated should be made before the court reaches the summary judgment stage." (198 Ill. App. 3d at 858.) On this basis, the majority determines that the trial court properly denied plaintiff's request to amend following summary judgment because the "plaintiff could have anticipated these amendments far earlier in the course of

the litigation" and has "offered no justification for [not] propos[ing] her alternative theories at a more appropriate stage of the proceedings." (198 Ill. App. 3d at 858-59.) Thus, the majority relies exclusively upon the factor which the court in *Siebert, Ruff,* and *Kupianen* found least significant and readily excused, *i.e.,* whether the plaintiff had prior opportunities to amend the complaint.

As I stated in greater detail in my dissent in *Loyola,* I find neither logic nor wisdom in the majority's ruling. Also, as noted above, the parties in the case at bar were still at the pleading stage when plaintiff presented her request to file an amended complaint alleging, not new facts, but different legal theories. The parties have acknowledged that little, if any, additional discovery would be required if plaintiff's motion to amend were allowed. The prejudice to plaintiff is apparent in the court's refusal to allow plaintiff to file her first amended complaint, but I fail to see how defendant would be prejudiced by the allowance of the motion to file plaintiff's first amended complaint, particularly since the parties were still before the court with arguments relating to the pleadings.

For these reasons, and those stated in my dissent in *Loyola,* I disagree with the majority's refusal to apply the factors set forth in *Kupianen,* and the majority's determination that the trial court properly denied plaintiff leave to amend its complaint following summary judgment.