HCA HEALTH SERVICES OF THE MIDWEST, INC., d/b/a Riverside Hospital, Plaintiff-Appellant, v. SHEILA ROSNER et al., Defendants-Appellees.

First District (6th Division)   No. 1—90—0642

Opinion filed December 21, 1990.

McKenzie & McKenzie, P.C., of Chicago (Kevin D. Sprow and Robert E. McKenzie, of counsel), for appellant.

Metropolitan Life Insurance Co., of New York, New York (William J. Toppeta and Amy K. Posner, of counsel), for appellees.

JUSTICE RAKOWSKI delivered the opinion of the court:

Plaintiff-appellant HCA Health Services of the Midwest, Inc., d/b/a Riverside Hospital (HCA), sought recovery of its fees for medical services rendered to Nathanial Rosner. HCA's initial complaint sounded in breach of contract, promissory estoppel and additionally sought fees pursuant to section 155 of the Illinois Insurance Code (Ill. Rev. Stat. 1989, ch. 73, par. 767). The trial court granted defendants-appellees Tom's Foods, Inc.'s (TFI's) and Metropolitan Life Insurance Company's (Metropolitan's) motions for summary judgment. The trial court held that HCA's claims were preempted by the Employee Retirement Income Security Act of 1974 (ERISA) (29 U.S.C. §1001 *et seq.* (1988)), but denied·HCA's motion to amend its complaint to bring actions against defendants under ERISA. HCA appeals, contending: (1) that the trial court erred in denying HCA leave to file an amended complaint; (2) that estoppel is a proper claim under ERISA; and (3) that TFI and Metropolitan are proper defendants under ERISA. We reverse and remand.

HCA provided services to Nathanial Rosner, a minor, from about February 15, 1988, to about April 15, 1988. Nathanial Rosner is the son of codefendant Sheila Rosner and Phillip Rosner. The action against Sheila Rosner has become barred due to her bankruptcy. Phillip Rosner was a covered employee under a medical plan established by his employer, TFI. Metropolitan administered claims submitted under the plan.

HCA alleged that when Nathanial Rosner was admitted as a patient, it contacted Metropolitan for the purpose of determining whether the services to be provided would be covered. Metropolitan orally confirmed the existence of benefits to the patient, giving its own name as the plan name and informing HCA that it was the claims administrator for the plan. HCA mailed confirmation letters to both Metropolitan and TFI. Metropolitan approved the medical necessity of the patient's stay at the hospital for up to 62 days. After the patient's discharge, however, Metropolitan informed HCA that TFI had not authorized payment of the balance due, which is $14,360.79. Phillip Rosner, meanwhile, assigned his rights to benefits under the plan to HCA.

HCA filed its initial complaint in February of 1989. On March 10, 1989, TFI and Metropolitan filed a petition to remove the action to Federal court, asserting that the Federal court had jurisdiction based on ERISA. The case was remanded to the circuit court, however, because defendant Sheila Rosner had not joined in the petition for removal. The transmittal to the clerk of the circuit court is dated July 17, 1989.

On August 15, 1989, defendants filed their motions for summary judgment, although neither defendant had yet answered the complaint. The motions were fully briefed and heard on November 7, 1989. The trial court granted the motions, ruling that HCA's claims were preempted by ERISA. After the trial court had ruled, HCA orally moved to amend the complaint to bring actions under ERISA, but the trial court instructed HCA to bring a written motion. The written order granting defendants summary judgment was entered the next day. HCA brought a "Motion to Modify the Order of November 8, 1989, and for Leave to File an Amended Complaint" on November 28, 1989. After another round of briefing, the motion was heard on February 9, 1990. The trial court denied HCA's motion.

ERISA regulates employee benefit plans, which include both pension and welfare benefit plans. ERISA preempts "any and all State laws insofar as they *** relate to an employee benefit plan" (29 U.S.C. §1144(a) (1988)) unless the State claim is "too tenuous, remote or peripheral." (*Shaw v. Delta Air Lines, Inc.* (1983), 463 U.S. 85, 100 n. 21, 77 L. Ed. 2d 490, 503 n. 21, 103 S. Ct. 2890, 2901 n. 21.) The term "State law" includes "all laws, decisions, rules, regulations, or other State action having the effect of law, of any State." (29 U.S.C. §1144(c) (1988).) The preemption provision of ERISA has been construed as barring causes of action based on both State common law and statutory law. (*Arnold v. Babcock & Wilcox Co.* (1988), 123 Ill. 2d 67, 73, 525 N.E.2d 59 (and cases cited therein).) State laws are preempted if the conduct sought to be regulated is part of or arises from the administration of an employee benefit plan. *Gadsby v. Health Insurance Administration, Inc.* (1988), 168 Ill. App. 3d 460, 466, 522 N.E.2d 865.

In the trial court, HCA argued in opposition to defendants' motions for summary judgment that its State law claims were not preempted by ERISA. That ERISA governed HCA's claims was the basis of TFI's and Metropolitan's petition for removal to the Federal court. The trial court, in granting defendants' motions, specifically found that HCA's claims were preempted by ERISA. HCA does not now dispute that its claims fall under ERISA. Rather, the pivotal issue in this case is whether HCA should have been allowed to file an amended complaint which in fact attempted to allege ERISA causes of action.

In two recent cases, which were both decided after the trial court's ruling in this case, the First District Appellate Court addressed the propriety of amending a complaint after the entry of summary judgment. In *Loyola Academy v. S&S Roof Maintenance, Inc.*

(1990), 198 Ill. App. 3d 799, 556 N.E.2d 586, plaintiff filed a three-count complaint against defendants, seeking to recover damages incurred to its roof. The initial complaint alleged negligence in the installation of plaintiff's roofing system, breach of implied warranty of merchantability and breach of express warranty. Defendants successfully moved for summary judgment as to the warranty counts. The trial court also dismissed the negligence count, with prejudice. At the hearing on the motion to dismiss, plaintiff orally moved for leave to amend the complaint. Thereafter, plaintiff filed a written motion requesting leave to amend. The proposed amended complaint asserted different actions against each defendant than the initial complaint had, consisting of actions for breach of implied warranty of fitness for a particular purpose and merchantability, violation of the Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1985, ch. 121½, par. 261 *et seq.*) and breach of contract. The trial court denied plaintiff's motion for leave to amend. *Loyola Academy*, 198 Ill. App. 3d at 801.

The court held that the trial judge had the power to allow plaintiff to amend the complaint pursuant to section 2—1005(g) of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—1005(g)), and that plaintiff was not limited in its ability to do so by conforming the pleading to the proofs. (*Loyola Academy*, 198 Ill. App. 3d at 802.) The court, however, stressed that motions to amend the pleadings after summary judgment typically are made much later in the proceedings and are viewed with less liberality than those made at the "pleading stage." (*Loyola Academy*, 198 Ill. App. 3d at 803.) The court concluded:

> "In the instant case Loyola [plaintiff] proposes amendments of potentially significant impact to the case. The facts Loyola alleges in the amended complaint were known at the inception of this litigation. The trial court noted that Loyola could have filed its amended complaint before the court granted summary judgment on counts I and II, or contemporaneously with Loyola's motion for reconsideration of the summary judgment. Loyola offered no justification for its lack of alacrity, and the trial court was within its discretion when it denied Loyola's motion to amend the pleadings." *Loyola Academy*, 198 Ill. App. 3d at 803-04.

In *Hill v. Jones* (1990), 198 Ill. App. 3d 854, 556 N.E.2d 613, the court followed the analysis of the *Loyola Academy* decision. In *Hill*, plaintiff brought an action alleging violation of the Animal Control Act (Ill. Rev. Stat. 1985, ch. 8, par. 366). In the two years following

the filing of the initial complaint, significant discovery was taken, and defendant brought a motion for summary judgment, which was denied. The defendant then brought a second motion for summary judgment, which the trial court granted. At the hearing on the second motion for summary judgment, plaintiff made an oral request to amend her complaint, which was denied. Plaintiff subsequently filed a written motion to vacate the order of summary judgment and for leave to amend the complaint. The proposed amended complaint alleged actions based on common law negligence and fraud. The trial court again denied plaintiff's motion. *Hill*, 198 Ill. App. 3d at 855.

The *Hill* court also noted the late point in the proceedings at which plaintiff sought to amend and stated:

> "Upon reaching the summary judgment stage of the proceedings, the court has moved from an examination of the sufficiency of the pleadings, through the discovery stage, to a determination of whether there are material issues of fact to advance to a full trial. [Citation.] Presumptively, at the time of the hearing on the motion for summary judgment, the parties are aware of the significant facts and law which apply to the case. The hearing on the motion is an important, potentially dispositive stage of the proceeding." *Hill*, 198 Ill. App. 3d at 858.

The court concluded:

> "In the present case, the plaintiff is proposing to make significant changes to the pleadings after summary judgment has been granted. The plaintiff could have anticipated these amendments far earlier in the course of the litigation. As the plaintiff has offered no justification for failing to propose her alternative theories at a more appropriate stage of the proceedings, we do not believe the trial court abused its discretion in denying the plaintiff leave to amend." *Hill*, 198 Ill. App. 3d at 858-59.

The plaintiff in this case was in an entirely different posture than the plaintiffs in *Loyola Academy* and *Hill* when plaintiff sought to amend its complaint. In those cases, the defendants brought motions for summary judgment which, if granted, would dispose of the entire case against the defendants. Only after the motions were granted did the plaintiffs seek to amend their complaints, alleging new theories of recovery against the defendants. In the case before this court, unlike those cases, it was defendants themselves who argued that ERISA preempted HCA's claims. Defendants sought to have the case removed to Federal court and asserted ERISA as the basis for jurisdiction. The defendants here, instead of proving they were not liable on

the theories the plaintiff alleged, proved that, if they were liable, it was on a ground different than the ground plaintiff alleged.

■■ ERISA preemption, upon which both defendants based their motions for summary judgment, does not act as a defense to a State law claim; rather, ERISA preemption converts the related claim into a Federal question. (*Belasco v. W.K.P. Wilson & Sons, Inc.* (11th Cir. 1987), 833 F.2d 277, 287.) As such, it may be looked at as establishing the rules of the game, but not the outcome.

In this case, no determination of the merits of HCA's claim had been made. Defendants established no facts which contradicted the facts HCA alleged in its complaints. No extensive discovery had been taken. The month after the complaint was filed, defendants petitioned to have the case removed, and within a month of the case being transmitted back to the circuit court, defendants filed their motions for summary judgment. Defendants had not answered the complaint.

In fact, defendants' motions could properly have been brought via section 2—619(a)(9) of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—619(a)(9)) as "other affirmative matter" barring the legal effect of or defeating the claim. (See, *e.g., Alfieri v. CSX Corp.* (1990), 201 Ill. App. 3d 559 (question of whether plaintiff's State law claims were preempted by the Railway Labor Act (45 U.S.C. §§151 to 163 (1983)) decided pursuant to section 2—619(a)(9) motion).) *Loyola Academy* and *Hill* make clear that a party has no unfettered right to amend a pleading after the entry of summary judgment. The facts of this case, however, are markedly different than the facts in those cases.

■■ In denying HCA leave to amend the complaint, the trial judge relied on the case of *Fultz v. Haugan* (1971), 49 Ill. 2d 131, 305 N.E.2d 873. *Fultz* involved a plaintiff's attempt to amend the complaint after it was dismissed, and the court held that plaintiff could not do so as no evidence was presented prior to dismissal, and plaintiff could only amend to conform the pleadings to the proof. (*Fultz*, 49 Ill. 2d at 136.) *Fultz* did not involve a motion for summary judgment, however, and at the time of *Fultz*, a trial court had no discretion under section 2—1005(g) to allow amendment after summary judgment, as the section did not exist. *Loyola Academy* and *Hill*, which were decided after the trial judge ruled in this case, establish that amendment of a pleading after the entry of summary judgment is not dependent on conformance to the proof. Thus, *Fultz* is not authority to deny HCA leave to amend its complaint, and the trial court abused its discretion in denying HCA leave to amend.

■■ We next address the issue of whether estoppel may be as-

serted under ERISA. While defendants cite several cases wherein courts have held that estoppel may not be asserted under ERISA, the Seventh Circuit Court of Appeals has recently held that estoppel may be asserted under ERISA. (See *Black v. TIC Investment Corp.* (7th Cir. 1990), 900 F.2d 112.) The *Black* opinion notes that although courts have expressed concern about allowing estoppel to be asserted in pension plan cases and cases involving multiple employers, such concerns were not present in single-employer welfare plan cases. (*Black*, 900 F.2d at 116.) Here, the plan is a single-employer welfare plan, like the plan in *Black*. Defendants attempt to distinguish *Black* on the basis that, in *Black*, the plan was unfunded, while here the plan is "self-funded." How the plan was funded in *Black*, however, was not discussed with regard to the court's discussion of why estoppel should be allowed in that case. This court finds the reasoning of *Black* persuasive, and therefore, we hold that in such circumstances estoppel may be raised under ERISA.

Nor does the recent district court case of *Illinois Psychiatric Hospital v. Willy* (N.D. Ill. June 26, 1990), No. 89 C 8745, cited by defendants, mandate a contrary result. In *Willy*, the district court held that the plaintiff-health care service provider had no standing to sue and raise estoppel under ERISA. The counts at issue in *Willy* appear not to have alleged an assignment by the beneficiary of its claims to the plaintiff. Here, an assignment has been alleged (albeit not in the estoppel counts). The Illinois Supreme court, in *Kennedy v. Deere & Co.* (1987), 118 Ill. 2d 69, 76, 514 N.E.2d 171, held that a health care provider who has been assigned an employee-participant's right to benefits under a plan may bring an action under ERISA. Defendants did not argue below that HCA had no standing to sue under ERISA; to the contrary, it was argued that HCA did have standing to bring an ERISA claim as a result of the assignment. Defendants have offered no evidence to rebut HCA's claim of assignment. Nor have defendants argued to this court that, should HCA properly plead the assignment in the estoppel based ERISA counts, HCA could not benefit from such a theory based on the fact that the representations complained of were made to HCA, as opposed to Phillip Rosner.

Finally, we address whether defendants were proper defendants under ERISA. TFI did not argue that it was not a proper party defendant in moving for summary judgment. It contends that the proposed amended complaint fails to properly name the plan as a defendant, although the prayer for relief in count III of the amended complaint appears to envision the plan as the party against whom recovery is sought. The name of the plan, like defendant, is "Tom's

Foods, Inc." TFI is named as the agent for service of process in the plan, and TFI is designated in the plan as the plan's sponsor.

Importantly, TFI has not advanced any argument asserting that the denial of benefits was proper under the plan. The proposed amended complaint alleges that TFI refused to authorize payment of the balance HCA claims is due. There is no evidence in the record, nor has TFI argued, that the plan was administered by any independent decision maker. If an employer has controlled or influenced the administrator's decision regarding the award of benefits, an employer may be subject to suit under ERISA. (*Adamo v. Anchor Hocking Corp.* (W.D.Pa. 1989), 720 F. Supp. 491, 498.) Moreover, the plan itself is a proper party defendant. (29 U.S.C. §1132(d)(1) (1988).) The resolution of whether TFI and/or the plan is the proper party defendant may be determined via appropriate motion upon remand.

Metropolitan also contends that it is not a proper party defendant. Metropolitan raised the issue of whether it was a proper defendant under ERISA in its memorandum accompanying its motion for summary judgment. The trial court did not discuss the issue either in granting Metropolitan's motion for summary judgment or in denying HCA leave to file an amended complaint. The trial court did note that it was ruling favorably on all aspects of Metropolitan's motion for summary judgment, however. An examination of the record reveals that the granting of Metropolitan's motion for summary judgment on the ground that Metropolitan was not a proper defendant was error.

■ ERISA does not regulate the duties of nonfiduciary administrators, and nonfiduciaries cannot be liable under ERISA. (*Howard v. Parisian, Inc.* (11th Cir. 1987), 807 F.2d 1560, 1564-65.) ERISA defines a fiduciary as one who "exercises any discretionary authority or discretionary control respecting management of [a] plan or exercises any authority or control respecting management or disposition of its assets." (29 U.S.C. §1002(21)(A)(i) (1988).) An insurance company does not become a fiduciary simply by performing administrative functions and claims processing within a framework of rules established by an employer. *Baker v. Big Star Division of the Grand Union Co.* (11th Cir. 1989), 893 F.2d 288, 290-91.

Metropolitan presented the following evidence in moving for summary judgment: (1) the affidavit of LaMar White, which established that the TFI plan was an ERISA plan and that Phillip Rosner was a covered employee; (2) a copy of both the TFI plan and an "Administrative Services Agreement" (ASA) between Metropolitan and TFI; and (3) the affidavit of William Van Deusen, technical assistant in the customer business unit of Metropolitan, who authenticated the ASA

and stated "[u]nder the ASA, Metropolitan provided claims handling services for TFI's employee benefit plan, which was entirely self-funded by TFI, and not insured by Metropolitan." By way of affidavit, HCA established that an employee of Metropolitan orally verified benefits for Nathanial Rosner. The original complaint contained counts which alleged that Metropolitan informed HCA that TFI did not authorize payment of benefits and that Metropolitan itself denied liability (without alleging that Metropolitan informed HCA that TFI denied the payment of benefits).

At the hearing on Metropolitan's motion for summary judgment, Metropolitan argued that it was "acting as a contract administrator, exercising totally non-fiduciary, non-discretionary functions." Metropolitan urged at the trial level and urges on appeal that defendants intended Metropolitan should have no liability under the plan.

■■■ A motion for summary judgment is properly granted where no triable issue of fact exists, and the party moving for summary judgment has the burden of establishing the absence of a genuine issue of material fact. (*Waite v. Chicago Transit Authority* (1987), 157 Ill. App. 3d 616, 619, 510 N.E.2d 1176.) Here, Metropolitan presented no evidence to establish that on the occasion in question it acted in a nondiscretionary manner. The plan itself gives Metropolitan significant discretionary authority, particularly in the area of deciding the medical necessity of services. The ASA provides that TFI would make the final decision to approve or deny coverage. The ASA, however, also states that Metropolitan would provide, among others, the following services: furnish advice and assistance on procedures to be followed for verification of coverage and for submission of claims; evaluate claims submitted, including professional evaluation by Metropolitan's medical department when required; compute and verify the amount of benefits, and prepare and furnish to each employee an appropriate statement of the amounts of benefits; and review claims to establish medical necessity for services rendered or charges incurred when applicable.

It is clear that both the plan and the ASA evidence some discretion, although perhaps not final discretion, on the part of Metropolitan. Metropolitan did not present any evidence at the hearing on the motion for summary judgment as to the denying of HCA's claim, either as to who decided the claim should be denied, or on what particular basis the claim should be denied.

Moreover, every employee benefit plan "shall provide for one or more named fiduciaries who *** shall have authority to control and manage the operation and administration of the plan." (29 U.S.C.

§1102(a)(2) (1988).) The plan in this case makes no mention of any fiduciary; it only names Metropolitan as the administrator. Given the discretion that both the plan and the ASA provide Metropolitan, Metropolitan's lack of a showing that it acted in a nondiscretionary manner in denying HCA's claim or that it acted in conformance with the ASA in denying HCA's claim, and the nonexistence of any possible fiduciary other than Metropolitan, Metropolitan's status as a nonfiduciary was not a matter free from doubt, and the granting of summary judgment on this ground was error.

We emphasize, in ruling as we do, that the proposed amended complaint is not a model of clarity in pleading. We are not expressing a view as to whether or not Metropolitan is a proper defendant under ERISA. Rather, any deficiencies in the amended complaint may be addressed via appropriate motion upon remand, and Metropolitan may establish its nonfiduciary status, if Metropolitan is a nonfiduciary, by providing a sufficient evidentiary basis.

Accordingly, the judgment of the circuit court is reversed and remanded to the trial court for further proceedings consistent with this opinion.

Reversed and remanded.

LaPORTA, P.J., and McNAMARA, J., concur.